MANUEL REVUELTA, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6111

July 9, 1970

472 P.2d 343

*James D. Santini,* Public Defender, and *Steven L. Godwin,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Melvin T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Manuel Revuelta, appellant-defendant, was tried to a jury and found guilty of the illegal possession of narcotics, which is a violation of NRS 453.030.[1] He has appealed to this court from his judgment of conviction and the order denying his motion for a new trial, on the ground that he was denied his right to a fair trial when the State presented to the jury evidence of other criminal activity on his part that was not related to the charge for which he was tried. The State's presentation follows:

"Q [by George Holt, Deputy District Attorney]: Will you tell us what the conversation was?

"A [by Thomas Sayles, undercover agent for the Clark County Sheriff's office]: I had a conversation with them [appellant and codefendants], as I stated, to purchase some cocaine. I asked—he [Revuelta] asked me how much I wanted, and I asked what the price would be, and he stated that approximately two weeks prior he had sold a kilogram of cocaine for $6,000.

"MR. SIMON [of the Public Defender's office]: Your Honor, I object to that as being irrelevant and immaterial.

"THE COURT: Objection is sustained. It is ordered stricken and the Jury is instructed to disregard it."

[1] NRS 453.030:
"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in NRS 453.010 to 453.240, inclusive."

The State made no further reference to any other criminal activity by Revuelta. On the contrary, however, Revuelta's own counsel elicited from him testimony concerning two other offenses pending at the time of Revuelta's preliminary hearing, and also evidence of a federal charge.

Under the facts presented, we do not believe that the testimony given by Agent Sayles constituted reversible error. Although every effort must be made by the prosecutor to exclude evidence of unrelated criminal activity, so that a defendant is given a fair trial on the charges facing him, we appreciate that there may be occasions when unexpected testimony of other criminal activity may, without notice to anyone, come before the jury.[2] Indeed, the High Court in Bruton v. United States, 391 U.S. 123, 135 (1968), has ruled:

". . . Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial but not a perfect one.' [Citations.] It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information."

This court in the recent case of Williams v. State, 85 Nev. 169, 174, 451 P.2d 848, 851 (1969), held:

". . . Appellant contends it was prejudicial error for the court to allow Officer Gault of the San Diego Sheriff's office to testify he recognized the brown valise found by Officer Cole at the scene where Williams was first stopped, because it tended to inject evidence of a prior offense. Any error, if it was error, was rendered harmless when, upon objection and motion of defense counsel, the testimony was stricken and the jury instructed to disregard it." See also Hamlet v. State, 84 Nev. 699, 449 P.2d 492 (1968); Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); State v. Varga, 66 Nev. 102, 205 P.2d 803 (1949).

The order denying the motion for a new trial, and the judgment of conviction, are affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[2]The likelihood of such occurring should be much less likely in the case of a professional witness, such as an undercover agent, who has had experience in testifying and knows the dangers and effect of such evidence.