MICHAEL ALAN SPARKS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10298

February 28, 1979                                591 P.2d 268

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

---

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Appellant Michael Alan Sparks was tried to a jury and convicted of the sale of a controlled substance. NRS 453.321, 453.171. He was sentenced to serve eight years in the Nevada State Prison. He has appealed, seeking reversal on two grounds: that testimony relating to other criminal activity by appellant prejudiced his right to a fair trial, and that there was insufficient evidence presented to sustain the conviction. We disagree and therefore affirm.

1. An undercover officer testified, without objection, that during the transaction which led to appellant's conviction, appellant volunteered the information that he expected a subsequent shipment of drugs. Defense counsel later asked the witness whether he had subsequently visited appellant, and whether he had asked appellant for drugs at that time. On redirect, the prosecutor asked the purpose of the subsequent visit. The witness replied: "I went there to inquire from the defendant if his new shipment of drugs had come in." Defense counsel's motion to strike was granted, and the jury was immediately admonished to disregard the question and answer. Under the circumstances presented, we find no basis for concluding that the trial court committed reversible error. NRS 177.255. Allen v. State, 91 Nev. 78, 530 P.2d 1195 (1975);

Revuelta v. State, 86 Nev. 587, 472 P.2d 343 (1970); Williams v. State, 85 Nev. 169, 451 P.2d 848 (1969). *See* Carpenter v. State, 530 P.2d 1049 (Okla.Crim.App. 1975).

2. Appellant's contention that there was insufficient evidence to support his conviction is similarly without merit. There is evidence in the record that appellant negotiated the sale of a controlled substance for a specified price, and that he received money in exchange for a controlled substance. The verdict of the jury will therefore not be disturbed on appeal. Hamilton v. State, 94 Nev. 535, 582 P.2d 376 (1978); Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976); Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972).

The judgment is accordingly affirmed.