RAYMOND WILLIAM KOENIG, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14124

CHESTER EDWIN PACHECO, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14202

November 10, 1983                                   672 P.2d 37

---

*Thomas E. Perkins,* State Public Defender, *William G. Rogers, Robert A. Bork,* and *Laura FitzSimmons,* Deputy Public Defenders, Carson City, for Appellants.

*Brian McKay,* Attorney General, Carson City, *Brent T. Kolvet,* District Attorney, and *Michael P. Gibbons,* Deputy District Attorney, Douglas County; *Virginia R. Shane,* District Attorney, Humboldt County, for Respondent.

## OPINION

By the Court, STEFFEN, J.:

These are consolidated appeals[1] from judgments of conviction of driving under the influence of intoxicating liquors with two or more prior convictions. For the reasons set forth hereinafter, we affirm both convictions.

The facts of each case are as follows:

*Koenig:* On February 18, 1982, Koenig was arrested after having been stopped and subjected to field sobriety tests. It was later determined that Koenig had previously been convicted of driving under the influence of intoxicating liquors; he therefore was charged with driving under the influence of intoxicating liquors with two or more prior convictions within five years, in violation of NRS 484.379(5).

Prior to trial, Koenig petitioned for a writ of habeas corpus on the basis that there was insufficient evidence to bind him over for trial. Koenig also filed motions to determine the admissibility of evidence prior to trial, and to dismiss the criminal information against him, based on alleged inadequacy of the court records regarding the prior convictions. The habeas petition and the motions were denied.

At trial, the district court ruled that Koenig's prior misdemeanor convictions would not be considered as an element of the offense charged and would not be submitted to the jury. Over Koenig's objection, the convictions were admitted into evidence before the trial judge only, for purposes of penalty enhancement. Five prior convictions were put into evidence. Of those five convictions, the record indicated that Koenig had

---

[1]The Court has determined that consolidation of these appeals will assist in their disposition. NRAP 3(b).

been represented by counsel in four instances. The record further indicated that in all five cases Koenig had been advised of his constitutional rights in entering guilty pleas.

Koenig was convicted, and this appeal ensued.

*Pacheco:* On February 10, 1982, Pacheco was arrested and subjected to a field sobriety test after a high speed automobile chase. It was later determined that Pacheco had been convicted of driving under the influence twice before, and a felony information was filed charging Pacheco with driving under the influence of intoxicating liquors with two or more prior convictions within five years, in violation of NRS 484.379(5).

Pacheco filed a petition for a writ of habeas corpus which alleged that the court record of the prior misdemeanor convictions was constitutionally inadequate. The petition was ultimately denied.[2] Pacheco also made a motion to dismiss the criminal complaint upon the basis that the prior convictions were constitutionally infirm due to an inadequate court record with regard to those guilty pleas. This motion was also denied.

At trial, counsel stipulated to the admission of the prior convictions, which had been received in the preliminary hearing without objection. After admission of the convictions, defense counsel, over objection, attempted to establish that the convictions had been unconstitutionally obtained. The trial court found Pacheco guilty, and this appeal followed.

We first turn to the characterization of the statute under which appellants were convicted, NRS 484.379(5). Appellant Koenig argues that the statute sets forth a separate offense of "felony driving under the influence with two or more prior convictions" which requires proof of the prior convictions as separate elements of the crime. Koenig contends that the statute, thus construed, mandates a reversal of his conviction because the trial court disallowed consideration of the prior convictions by the jury in reaching its verdict. We disagree.

Our review of the legislative history of NRS 484.379 convinces us that the statute provides for enhancement of penalty for subsequent convictions of the same or a similar offense and does not set forth a separate offense specifying prior convictions as separate elements. The title of the act which introduced the provisions of NRS 484.379(5) as it read at the time of the appellants' convictions states, in part, as follows:

[2]Pacheco's petition for a writ of habeas corpus was granted, but prior to the effective date of the writ, the court rescinded its order allowing the writ to issue. The propriety of the court's action in this regard has not been addressed by the parties on appeal.

> An act relating to traffic violations; *increasing the penalties for driving under or refusing a test for the influence of intoxicants;* . . .

1981 Stats. Nev. 1922 (emphasis added). Furthermore, the provision which NRS 484.379(3), (4) and (5) replaced appears clearly to have been a penalty enhancement statute:

> Upon a subsequent conviction within 3 years, the person so convicted shall be punished by confinement in the county or municipal jail for not less than 10 days, nor more than 6 months or by a fine of not more than $500 or by both such fine and imprisonment.
>
> No judge or justice of the peace in imposing sentences provided for in this section shall suspend the same or any part thereof.

1981 Stats. Nev. at 1925.

In enacting the statute as it read at the time of appellants' convictions, the legislature clearly intended that it provide for penalty enhancement for subsequent convictions of the same or a similar offense.[3] Thus, the trial court in Koenig's case correctly precluded the jury from considering evidence of his prior convictions in its deliberations.

Koenig argues that if NRS 484.379(5) is, as we now hold, a penalty enhancement statute, the trial court committed reversible error in allowing any reference to his prior convictions to come before the jury. Jury Instruction No. 2 stated that Koenig was being tried for the crime of "[d]riving under the influence of intoxicating liquor with two or more prior convictions." Unquestionably, it was error to admit any reference to Koenig's prior convictions. The error was harmless, however, in light of the overwhelming evidence of guilt in the form of the arresting officer's testimony, the results of Koenig's breathalyzer test and the admissions of Koenig himself during trial.[4]

---

[3]We note that the statute in question has been supplanted by new legislation. *See* 1983 Stats. Nev. 1065, 1070-1072. This new legislation is specific in its provisions that prior convictions are to be used for enhancement of penalty. We find these new provisions additional persuasive evidence that the legislature intended that the statute in question here provide for penalty enhancement. *See* Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975); Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975).

The trial court also admonished the jury with the following instruction:

> You are instructed that you are not to consider the issue of prior convictions in determining innocence or guilt. You are not permitted to draw any inference of guilt from the fact that a reference to prior

*See* Revuelta v. State, 86 Nev. 587, 472 P.2d 343 (1970); Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975); NRS 178.598.

Appellants next argue that under the terms of NRS 484.379(5), as it read at the time of their convictions, the statute may only apply where a prior conviction has been obtained under NRS 484.3795 or a law that prohibits the same conduct—driving under the influence of intoxicating liquor or controlled substances when death or substantial bodily harm results. Thus, they conclude, it is improper for the trial court to consider prior misdemeanor convictions for driving under the influence of alcohol or controlled substances in considering sentencing under the statute. This argument is without merit.

At the time of appellants' convictions NRS 484.379 read, in pertinent part, as follows:

1. It is unlawful for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of a vehicle within this state.

2. It is unlawful for any person who is an habitual user of or under the influence of any controlled substance or any person who inhales, ingests, applies or otherwise uses any chemical, poison or organic solvent, or any compound or combination of any chemical, poison or organic solvent, to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle to drive or be in actual physical control of a vehicle within this state. The fact that any person charged with a violation of this subsection is or has been entitled to use that drug under the laws of this state is not a defense against any charge of violating this subsection.

3. Any person who violates the provisions of subsection 1 or 2, and who has not been convicted of a violation of one of those subsections or any law which prohibits the same conduct in any jurisdiction within 5 years before the violation took place, is guilty of a misdemeanor. Except as provided in subsection 6, the court shall order him to pay tuition for and attend courses on the use and abuse of alcohol and controlled substances approved by the department, shall fine him not less than $100 nor more than the maximum fine permitted for a misdemeanor, and may sentence him to imprisonment in the county jail for not more than 6 months. The court may order the department of

_____

convictions has been made in the Information. This issue of prior convictions is one of law to be determined solely by the Court and must not influence you in any way in arriving at a verdict in this case.

motor vehicles to suspend his driver's license for a definite period of not less than 30 days nor more than 1 year and not to allow him any limited driving privileges unless his inability to drive to and from work or in the course of his work would cause extreme hardship or prevent his earning a living.

4. Any person who violates the provisions of subsection 1 or 2 within 5 years after having once been convicted in any jurisdiction of a violation of subsection 1 or 2, NRS 484.3795 or a law which prohibits the same conduct is guilty of a misdemeanor. Except as provided in subsection 6, the court shall sentence him to imprisonment for not less than 10 days nor more than 6 months in the county jail, fine him not less than $500 and direct the department of motor vehicles to suspend his driver's license for a period specified in the order which must be not less than 6 months and not allow him any limited driving privileges unless his inability to drive to and from work or in the course of his work would cause extreme hardship or prevent his earning a living.

5. Except as provided in subsection 6, any person who violates the provisions of subsection 1 or 2 within 5 years after having been convicted more than once in any jurisdiction of a violation of subsection 1 or 2, NRS 484.3795 or a law which prohibits the same conduct, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years and must be further punished by a fine of not less than $2,000 nor more than $5,000. . . .

It is clear, by reference to subsections 3 and 4 of the statute in question, that when the legislature referred to "violation of subsection 1 or 2, NRS 484.3795 or a law which prohibits the same conduct," it intended that "subsection 1 or 2" designate the subsections of NRS 484.379, and not NRS 484.3795, which is mentioned separately.

As discussed *supra,* NRS 484.379 provides different penalties for subsequent violations of subsections 1 and 2 of that statute. Viewed in light of the legislative intent that the statute enhance the penalty for subsequent convictions under either of those two subsections or NRS 484.3795, the reference in subsection 5 to "subsection 1 or 2, NRS 484.3795 or a law which prohibits the same conduct" becomes clear. Subsection 3 of NRS 484.379 provides that if a person has not been previously convicted of a subsection 1 or 2 offense, he is guilty of a misdemeanor. This must be read in conjunction with subsections 4 and 5 of the statute which differentiate between an offender under

subsection 1 or 2 with one prior conviction under the same subsections, NRS 484.3795 or a law which prohibits the same conduct and such an offender with two or more such prior convictions. The former commits a misdemeanor; the latter a felony. Read together, it is apparent that the prior convictions referred to in the three subsections in every case include a conviction of subsection 1 or 2 of NRS 484.379, *or* NRS 484.3795, and not NRS 484.3795 exclusively.

Had the legislature intended only to refer to convictions under NRS 484.3795, of which there are only two subsections, there would be no need to refer to subsections at all. The legislature would have referred only to the statute. By referring to subsections, it is obvious that the legislature was referring to a statute other than NRS 484.3795.

Furthermore, appellants' reading of subsection 5 makes no sense in light of the fact that subsection 2 of NRS 484.3795, which circumscribes the right of a prosecuting attorney to dismiss a charge of violating subsection 1 of that statute, describes no crime and prescribes no penalty. There could be no conviction under subsection 2 of NRS 484.3795 to which reference could be made in a prosecution under subsection 4 or 5 of NRS 484.379.

In light of the above, we must reject appellants' construction of the language of NRS 484.379(5). It is clear that prior misdemanor convictions for driving under the influence of intoxicating liquors may be used to enhance the penalty under the statute in question.

Appellants also challenge their convictions on the contention that the court records of the prior misdemeanor convictions were constitutionally infirm and thus could not be used to enhance penalty.[5] For the reasons set forth below, we conclude this contention is meritless.

[5]We note that neither of the appellants filed pretrial motions to suppress evidence. Rather, in Koenig's case, a petition for a writ of habeas corpus, a pretrial motion to determine the admissibility of evidence, and a motion to dismiss the criminal information against him were filed. The petition and the motions were based on the contention urged here—that the court records regarding the prior misdemeanor convictions were constitutionally inadequate as a basis for an enhanced penalty.

Pacheco also petitioned for a pretrial writ of habeas corpus, and moved to dismiss the criminal complaint on the basis that the court records of the prior misdemeanor convictions were constitutionally infirm as a basis to enhance penalty. At Pacheco's trial, the court records were introduced without objection.

Generally, motions to determine the admissibility of evidence prior to trial should be made within the context of a pretrial motion to suppress

Appellants base their challenge to the use of the prior misdemeanor convictions on the U.S. Supreme Court case of Baldasar v. Illinois, 446 U.S. 222 (1980), *reh'g denied,* 447 U.S. 930 (1980). In that case, it was held that an enhanced penalty could not be based upon a prior misdemeanor conviction where the defendant in the prior misdemeanor prosecution was not represented by counsel and the right to counsel was not formally waived. Appellants appear to infer from *Baldasar* the proposition that a misdemeanor defendant must be afforded a broad panoply of procedural rights in order to constitutionally validate a subsequent enhanced penalty based in part on those misdemeanor convictions.

We do not read *Baldasar* so broadly. The decision in *Baldasar* dealt only with a prior unrepresented misdemeanor conviction where a right to counsel had not been formally waived. It did not extend constitutional requirements beyond the proscription of the use of misdemeanor convictions obtained under such circumstances for enhancement of penalty in a subsequent prosecution. Here, the requirements of *Baldasar* were met in both cases. The record in Koenig's case clearly indicates that Koenig had the assistance of counsel during four of the five misdemeanor prosecutions which resulted in convictions used to enhance penalty. The record in Pacheco's case showed that he had waived any right to counsel in his prior misdemeanor proceedings. Neither appellant was given an enhanced penalty as a result of prior misdemeanor convictions where the right to counsel or a waiver of that right was withheld.

In any case, the records of the prior misdemeanor convictions used to enhance the penalty in appellants' cases were constitutionally adequate.

This Court, following the lead of the U.S. Supreme Court, has set forth requirements for a guilty plea to be constitutionally tendered. In Scott v. State, 97 Nev. 318, 630 P.2d 257 (1981), Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980), and Anglin v. State, 86 Nev. 70, 464 P.2d 504 (1970), we held that in felony cases, an official court record must exist showing that the defendant was apprised of his constitutional rights, understood and waived them, that there were no threats or promises that induced the guilty plea, that the defendant

---

evidence. *See* Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969). In this case, however, where issues of constitutional dimension are presented, we deem appellants' pretrial petitions and motions as adequate in preserving the issue presented for our consideration. *See* McCullough v. State, 99 Nev. 72, 657 P.2d 1157 (1983); Dias v. State, 95 Nev. 710, 601 P.2d 706 (1979).

.

understood the consequences of the plea in terms of the range of punishment and understood the elements of the offense or made factual admissions evincing commission of the offense. *See also* Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); NRS 174.035.

The same stringent standard does not apply to guilty pleas in misdemeanor cases. In evaluating the procedures used and the court record made in municipal and justice court prosecutions for misdemeanors, the realities of the typical environment of such prosecutions in these courts of limited jurisdiction cannot be ignored. So long as the court records from such courts reflect that the spirit of constitutional principles is respected, the convenience of the parties and the court should be given considerable weight, and the court record should be deemed constitutionally adequate. *See* Mills v. Municipal Court, 515 P.2d 273 (Cal. 1973); *In re* Johnson, 398 P.2d 420 (Cal. 1965).

The record in the instant case reflects that in both appellants' cases, the court records regarding the prior misdemeanor convictions comported with the standard enunciated above.[6]

---

[6]The record in Pacheco's case indicates that in two separate prior misdemeanor prosecutions in the Sparks Municipal Court, Pacheco signed a form waiver which stated:

I, Chester Pacheco, being first sworn, deposes and says:

1.  THAT he understands that he has the following rights:

(a) The right to retain counsel.

(b) The right to a public defender if he qualifies as an indigent person.

(c) A reasonable bail.

(d) A reasonable time to enter his plea.

(e) The right against self-incrimination.

(f) The court process.

(g) The right to face his accusers in a fair, speedy and impartial trial.

2.  THAT he, after due deliberation, KNOWING THE CONSEQUENCES, FREELY and INTELLIGENTLY desires to WAIVE the above-recited rights.

In Koenig's case, the record contained court records from five prior misdemeanor convictions of driving under the influence of intoxicating liquors. Of these, only one, from the Justice Court of East Fork Township, Douglas County, Nevada, was obtained without defense counsel. In that case, Koenig signed a form waiver similar to that noted above. Of the other four prior misdemeanor convictions used to enhance Koenig's sentence, in two cases a form waiver signed by Koenig was accompanied by a form signed by Koenig's counsel, containing language to the effect that the defendant's attorney had explained to the defendant each of his rights relating to his plea, and was satisfied that the defendant understood those rights. Records from the other two misdemeanor convictions, signed by the court clerk of Calaveras County, California, indicate that Koenig was represented by counsel, understood his rights and the consequences of his guilty plea, and waived his right to trial.

Because the spirit of constitutional principles was respected in appellants' prior misdemeanor convictions, there was no violation of constitutional rights in using those convictions to enhance appellants' penalties in the cases at bar.

For the foregoing reasons, we affirm the convictions of both appellants. As the issues considered herein are dispositive of these appeals, we decline to consider other issues raised by the parties.

The judgments of conviction are affirmed.

MANOUKIAN, C. J., and SPRINGER, MOWBRAY, and GUNDERSON, JJ., concur.