KEVIN BONDS, APPELLANT, *v.* THE STATE
OF NEVADA, RESPONDENT.

No. 19353

December 20, 1989                    784 P.2d 1

*Terri Steik Roeser,* Nevada State Public Defender and *John C. Lambrose,* Chief Deputy, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *William G. Rogers,* District Attorney and *Eileen Barnett,* Deputy District Attorney, Lyon County, for Respondent.

___

[3]THE HONORABLE THOMAS L. STEFFEN, Acting Chief Justice, appointed the HONORABLE DAVID ZENOFF, Senior Justice, to sit in place of the HONORABLE CLIFF YOUNG, Chief Justice.

## OPINION

*Per Curiam:*

On March 19, 1988, at approximately 3:00 a.m., appellant was arrested for driving under the influence of intoxicating liquor (DUI). Because appellant had two prior convictions for DUI within the last seven years, the state charged appellant with felony DUI. *See* NRS 484.3792. Appellant then waived his right to a preliminary hearing and proceeded directly to arraignment where, pursuant to negotiation, he pleaded guilty to one count of DUI.

Appellant objected at his sentencing hearing to the admission of his prior DUI convictions. Specifically, appellant argued that neither of the two exhibits offered by the state to prove the existence of appellant's two prior DUI convictions met the standard set forth by this court in Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983). The district court disagreed, admitted both exhibits, and sentenced appellant to a term of three years in the Nevada State Prison. The district court also ordered appellant to pay a fine of $2,000.00. This appeal followed.

Appellant first contends that the district court erred when it determined that the documents used by the state to evidence appellant's 1987 conviction were sufficient to establish that the conviction was constitutionally obtained. We agree. Appellant's 1987 conviction for misdemeanor DUI was obtained pursuant to a guilty plea. In Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983), this court held that the records supporting a misdemeanor conviction obtained pursuant to a guilty plea need not meet the same stringent standard as the records supporting a felony conviction that was obtained pursuant to a guilty plea. 99 Nev. at 789, 672 P.2d at 43. This court recognized, however, that a prior misdemeanor conviction that was obtained pursuant to a guilty plea may not be used to enhance a DUI conviction to a felony unless the district court determines that the records supporting the conviction demonstrate that the defendant was either represented by counsel or formally waived his right to counsel. *Id.* at 788, 672 P.2d at 42. *See also* Baldasar v. Illinois, 446 U.S. 222

(1980), *reh. den.* 447 U.S. 930 (1980). Once this preliminary determination is made, the validity of the prior guilty plea is established if the records of the misdemeanor prosecution reflect that the "spirit of constitutional principles" was respected in that proceeding. *Koenig,* 99 Nev. at 788-790, 672 P.2d at 43.

In the present case, the record of appellant's 1987 conviction contains a waiver of rights form which reflects that appellant was advised of the following rights in that proceeding:
1.  The right to plead guilty or not guilty;
2.  The right to trial by jury or the court;
3.  The right to confront the witnesses against him;
4.  The right to present evidence and to testify on his own behalf or to remain silent;
5.  The right to have witnesses subpoenaed and to obtain evidence on his behalf;
6.  The right to have counsel of his own choosing or court-appointed counsel if he was unable to afford counsel;
7.  The right against self-incrimination.

On page two of that form, however, appellant initialed *both* of the following paragraphs:
9.  Defendant waives (gives up) his right to be represented by an attorney.
10. Defendant does not waive (give up) his right to be represented by an attorney.

Under these circumstances, it is impossible to conclude that appellant knowingly waived his right to counsel prior to entering his guilty plea in the 1987 prosecution. Therefore, we conclude that appellant's 1987 conviction should not have been used to enhance appellant's present DUI offense to a felony.

Appellant also contends that the district court erred when it determined that the records supporting his 1983 conviction for misdemeanor DUI were sufficient to enhance appellant's present conviction to a felony. We have reviewed those records, however, and we have determined that they reflect that appellant was represented by counsel in the 1983 prosecution, and that the spirit of constitutional principles was respected in that proceeding. *See* Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983). Therefore, the district court did not err when it determined that appellant's 1983 conviction was constitutionally obtained. *Id.*

Because the district court erred when it determined that appellant's 1987 conviction was constitutionally obtained, we reverse appellant's conviction for felony DUI, and we remand this case to the district court with instructions to sentence appellant as a second-time DUI offender.