CLIFFORD PAUL PETTIPAS, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 19307

June 28, 1990                                    794 P.2d 705

*Terri Steik Roeser,* State Public Defender, *John Lambrose,* Deputy, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *William G. Rogers,* District Attorney, and *William E. Schaeffer,* Deputy, Lyon County, for Respondent.

---

## OPINION

*Per Curiam:*

In the early morning hours of November 6, 1987, Deputy Sheriff Burke observed a vehicle weaving back and forth in its lane. Burke followed the vehicle for about three-tenths of a mile, observed the vehicle cross the double yellow line "at least six times," and stopped the vehicle. The driver, appellant, failed two of three field sobriety tests. Burke placed appellant under arrest, read him his *Miranda* warning and the implied consent warning and transported him to jail. Appellant submitted to a blood test which revealed a blood alcohol content of .369.

On April 22, 1988, after a preliminary hearing, an information was filed in the district court charging appellant with one count of driving or being in actual physical control of a motor vehicle while under the influence of alcohol, a felony.[1] At the close of the subsequent bench trial, the district court found appellant guilty of driving while under the influence of alcohol. The district court later determined that appellant had suffered two prior convictions for DUI within the preceding seven years. Accordingly, the court sentenced appellant to one year in the Nevada State Prison, and fined appellant $2000. This appeal followed.

At appellant's sentencing hearing, the district court considered the validity of two prior convictions suffered by appellant for

---

[1] Prior to the preliminary hearing, appellant filed in this court a pretrial petition for a writ of habeas corpus alleging that he had been denied a speedy preliminary hearing. This court denied that petition on the merits. *See* Pettipas v. Sheriff, Order Denying Petition, Docket No. 18908, filed June 28, 1988.

misdemeanor DUI. The first conviction arose out of a prosecution in the Sparks Municipal Court in 1984 (the municipal court conviction). The second conviction also occurred in 1984, and arose out of a prosecution in the Justice's Court of Sparks Township (the justice's court conviction).

Appellant first asserts that the documents supporting his prior convictions were insufficient to enhance his present conviction to a felony because the documents did not contain certified copies of formal, written judgments of conviction. This contention is without merit. NRS 484.3792(2) does not require that a prior conviction be evidenced by a formal, written judgment of conviction. That statute merely requires that a prior offense be evidenced "by a conviction." In the present case, appellant's prior convictions were evidenced by certified copies of docket sheets and other documents from the courts in which the convictions were entered. These documents are sufficient to show that appellant was actually convicted of misdemeanor DUI in those proceedings. Therefore, the district court did not err when it determined that appellant's prior convictions did not have to be evidenced by certified copies of formal, written judgments of conviction.

Appellant next contends that the district court erred when it relied on the justice's court conviction to enhance his present conviction. Specifically, he notes that the documents supporting that conviction reveal that he requested a jury trial, and that the court denied his request. Therefore, appellant contends that the denial of a jury trial renders the justice's court conviction invalid.

Appellant's contention is without merit. In Blanton v. North Las Vegas Mun. Ct., 103 Nev. 623, 748 P.2d 494 (1987), *Aff'd sub nom.* Blanton v. City of North Las Vegas, Nev., 489 U.S. 538, 109 S.Ct. 1289 (1989), this court held that a defendant in a prosecution for misdemeanor DUI is not entitled to jury trial. Therefore, the denial of a jury trial in the justice's court prosecution did not render the conviction invalid.

Finally, appellant notes that the records supporting the municipal court conviction reveal that the conviction was the result of a trial at which appellant was not represented by counsel. Appellant further notes that the records supporting that conviction do not contain a waiver of counsel. Thus, appellant asserts that the lack of counsel during the municipal court prosecution rendered that conviction invalid. Accordingly, appellant argues that the district court erred when it used the municipal court conviction to

enhance his present conviction to a felony. Respondent asserts, however, that appellant "apparently waived his right to counsel" in the municipal court proceeding. Therefore, respondent argues that the district court properly used the municipal court conviction to enhance appellant's present conviction to a felony.

In Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983), this court held that a prior misdemeanor conviction may not be used to enhance a DUI conviction to a felony unless the district court determines that the defendant was either represented by counsel or formally waived his right to counsel. *Id.* at 788, 672 P.2d at 42. *See also* Bonds v. State, 105 Nev. 827, 784 P.2d 1 (1989). Once this preliminary determination is made, the validity of the prior conviction is established if the records of the prior misdemeanor prosecution reflect that the "spirit of constitutional principles" was respected. *Id.*

In the present case, the documents supporting the municipal court conviction do not contain a formal waiver of counsel by appellant. The documents contain a notation that describes appellant's arraignment as follows: "Rights and read charges [defendant] PNG [pleaded not guilty]." In addition, after the trial, the municipal judge noted that "[defendant] had had ample time to obtain counsel [,] gave [defendant] waiver of rights to review, had [defendant] repeat max penalty that could be imposed on DUI and 483.560." These notations are insufficient as a matter of law to show that appellant affirmatively waived his right to counsel in the municipal court proceeding.

Because the documents supporting the municipal court conviction do not contain an affirmative waiver of appellant's right to counsel, the district court erred when it used that conviction to enhance appellant's present conviction to a felony. Accordingly, we reverse appellant's conviction, and we remand this case to the district court with instructions that appellant be resentenced as a second time DUI offender.