*1006 OPINION

Per Curiam:

This is an appeal from an order of the district court reversing the decision of a Department of Motor Vehicles (DMV) hearing officer to revoke respondent Manuel Madrigal’s driving privileges.
On June 25, 1991, the DMV issued an order revoking Madrigal’s driving privileges for one year on the grounds that its records indicated that he had been twice convicted of violating NRS 484.379 (DUI) within seven years. Upon Madrigal’s request, an administrative hearing was conducted on December 17, 1991. At the hearing, the hearing officer considered, over Madrigal’s objection, copies of documents the DMV had received from two justice’s courts indicating that Madrigal had been convicted of DUI in 1985 and 1991. The documents were certified as trué and correct copies of the original documents on file at the DMV; however, they were not certified as true and correct copies of the originals on file at the courts in which Madrigal had been convicted. The hearing officer rejected Madrigal’s contention that the documents were not properly authenticated and upheld the DMV’s decision to revoke Madrigal’s driving privileges.
Madrigal petitioned the district court for review and the district court reversed the hearing officer’s decision. The district court found that the exhibits “failed to establish that they are properly certified copies of documents issuing from the courts of record, but only show that they are certified copies of documents in the possession of the Department!.] ” This appeal followed. We conclude that the district court erred because there is no requirement, statutory or otherwise, that the DMV receive certified documentation of an individual’s DUI convictions from the court in which the conviction was entered in order to revoke a driver’s license.
NRS 483.460(l)(b)(5) imposes upon the DMV a mandatory duty to revoke an individual’s driver’s license for one year “upon receiving a record of his conviction” showing that the individual was convicted twice within seven years for violating NRS 484.379 and was not eligible for a restricted license during any of *1007 that period. See also Yohey v. State, Dep’t Motor Vehicles, 103 Nev. 584, 747 P.2d 238 (1987). NRS 483.450(2) defines what a record of conviction must contain:
A record of conviction must be made in a manner approved by the department. The court shall provide sufficient information to allow the department to include accurately the information regarding the conviction in the driver’s record. The record of conviction from the court must include at least the name and address of the person convicted, the number of his driver’s license, his social security number, the registration number of the vehicle involved, the date the citation was issued or the arrest was made, the number of the citation and the date and final disposition of the citation.
Neither NRS 483.460 nor NRS 483.450(2) requires that a record of conviction be certified by the issuing court.
Madrigal argues, however, that Pettipas v. State, 106 Nev. 377, 794 P.2d 705 (1990), requires the introduction of documents certified by the issuing court. Appellant’s argument is unpersuasive. In Pettipas, we held that the state does not have to introduce certified formal, written judgments of prior DUI convictions in order to enhance a DUI to a felony. Instead, we held that certified copies of docket sheets and other documents from the court in which the individual was convicted are sufficient to demonstrate that the individual was so convicted. Pettipas is inapplicable to the instant case because it involved the issue of what quantum of proof is necessary to enhance a misdemeanor to a felony in a criminal proceeding pursuant to NRS 484.3792(2), not what quantum of proof is necessary to revoke a driver’s license in a civil administrative proceeding pursuant to NRS 483.460. Further, we did not hold in Pettipas that certified copies from the issuing court are required in order to prove prior convictions in a criminal proceeding; we merely held that the documents presented in that case were sufficient.
Accordingly, we reverse the decision of the district court, and remand this case to the district court with instructions to enter an order affirming the hearing officer’s order of revocation.