RICHARD ALLAN DAVENPORT, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 27030

April 30, 1996                                    915 P.2d 878

476

*Michael R. Specchio,* Public Defender and *John Reese Petty,* Chief Appellate Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney and *Terrance P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On April 12, 1995, Appellant Richard Allan Davenport was convicted of one count of driving while under the influence of alcohol, a violation of NRS 484.379 and 484.3792. The conviction was the result of a guilty plea, pursuant to plea negotiations. At sentencing, the state offered exhibits showing that Davenport

had two prior convictions of driving under the influence; one conviction was from Snohomish County, Washington, and the other was from Washoe County. Davenport was sentenced to one year in the Nevada State Prison and fined $2,000.00.

On appeal, Davenport contends that the district court erred by admitting a facially defective certification of conviction. This court has held that the state is required to present proof of prior offenses at the sentencing hearing. Robertson v. State, 109 Nev. 1086, 1089, 863 P.2d 1040, 1042 (1993). The state satisfied this requirement, but Davenport argues that the conviction from Snohomish County does not reflect compliance with "the spirit of constitutional principles," as required by this court's decision in Koenig v. State, 99 Nev. 780, 789, 672 P.2d 37, 43 (1983). Specifically, Davenport argues that the waiver of rights he signed in the Snohomish County case was signed the day after his hearing, so it could not have been a valid waiver.

In response to this argument, the state argues that *Koenig* does not apply because the prior conviction in the instant case was entered pursuant to a hearing in Snohomish County. According to the state, "[v]irtually every reported decision of [the Nevada Supreme] Court dealing with the question of the validity of a prior conviction has arisen via a plea of guilty. In each case, that is, the prior conviction was obtained by a guilty plea." The state is mistaken. This court has applied the *Koenig* standard in at least one case where the prior conviction was the result of a trial. Pettipas v. State, 106 Nev. 377, 794 P.2d 705 (1990). In *Pettipas,* this court reversed a felony driving under the influence conviction because one of the misdemeanor offenses used to enhance the charge was "the result of a trial at which appellant was not represented by counsel." *Id.* at 379, 794 P.2d at 706. This court held that because in the previous offense Pettipas had no counsel and the record contained no waiver of counsel, the prior conviction did not "reflect that the 'spirit of constitutional principles' was respected." *Id.* at 380, 794 P.2d at 706 (quoting *Koenig,* 99 Nev. at 789, 672 P.2d at 43). Thus, we conclude that *Koenig* and its progeny apply in the instant case.

The requirement of *Koenig* is merely this: "So long as the court records from [the municipal and justices'] courts reflect that the spirit of constitutional principles [was] respected . . . the court record should be deemed constitutionally adequate." *Koenig,* 99 Nev. at 789, 672 P.2d at 43. This standard was further refined in Dressler v. State, 107 Nev. 686, 819 P.2d 1288 (1991). In *Dressler,* this court held that "in order to rely on a prior misdemeanor judgment of conviction for enhancement purposes,

the state had the burden of proving either that the defendant was represented by counsel or validly waived that right, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings." *Id.* at 697, 819 P.2d at 1295.

The one fact which all of our previous cases in this area have in common is that the defendant lacked counsel when convicted of the prior offenses. Although we have never explicitly so stated, it is clear that the primary focus of the analysis pursuant to *Koenig, Pettipas,* and *Dressler* is on whether the defendant was represented by counsel when convicted of a prior offense, regardless of whether that conviction was the result of a guilty plea or a trial. If the defendant did have counsel, then it can be safely presumed that the "spirit of constitutional principles" was honored in that earlier proceeding.

Further, in *Dressler,* this court held: "If the state produces valid records of a judgment of conviction which do not, on their face, raise a presumption of constitutional deficiency, then the defendant has the burden of presenting evidence rebutting the presumption of regularity given to a judgment of conviction." 107 Nev. at 693, 819 P.2d at 1292-93. Put another way, if the state produces a record of a judgment of conviction which shows that the defendant was represented by counsel, then it is presumed that the conviction is constitutionally adequate, *i.e.,* that the spirit of constitutional principles was respected. The burden is then on the defendant to present evidence to rebut this presumption. If the defendant was not represented by counsel, then, as we stated in *Dressler,* "the state has the burden of going forward with evidence to overcome the defendant's prima facie case." 107 Nev. at 693, 819 P.2d at 1293. That is, the state must produce evidence which demonstrates that the defendant validly waived the right to counsel and that the spirit of constitutional principles was respected.

In the instant case, it is clear from the record that Davenport was represented by counsel at the hearing in Snohomish County, so we presume that the spirit of constitutional principles was honored. Davenport argues that the conviction was constitutionally inadequate because his waiver of rights was apparently signed the day after the hearing. However, the record shows that Davenport appeared at the hearing on January 21, 1988. At that hearing, Davenport apparently agreed to submit the case to the judge on the record. Accordingly, on January 22, 1988, Davenport signed a form entitled "Statement of Defendant on

Submittal or Stipulation of Facts."[1] This process is akin to declining to present a defense at trial, but it is not analogous to a guilty plea. Davenport was represented by counsel when he agreed to submit the case to the judge, and we can presume that he understood and waived his rights. The fact that this waiver was formalized the following day does not indicate that Davenport had not waived his rights at the hearing. Therefore, Davenport has not presented evidence which overcomes the presumption that the conviction is constitutionally adequate. Accordingly, we conclude that the district court did not err by admitting evidence of the conviction in Snohomish County, and we affirm the judgment of conviction.

---

[1]By signing this form, Davenport indicated that he understood that he was waiving his right to a jury trial, the right to hear and question witnesses, the right to call witnesses in his behalf and the right to testify or not to testify. The document is also signed by Davenport's attorney.