An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MONROE JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67385

**FILED**

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of failure to register as a sex offender. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Monroe Jones was convicted of multiple sex offenses in California in 1991 and properly registered as a sex offender in San Francisco. In March 2013, Jones left San Francisco and arrived in Reno. He rented two different residential properties in Reno from April 2013 until at least October 2014. During May and June 2013, Jones worked as a janitor for a casino in Reno. On August 29, 2013, Reno police began investigating Jones and arrested him on or shortly after that date.

The State charged Jones with one count of failure to register as a sex offender. Before trial, Jones filed a motion to exclude the abstract of judgment for his California convictions because it was not a certified copy of a signed judgment of conviction. The district court denied Jones's motion because it found that Nevada law does not require the State to proffer a certified copy of a signed judgment of conviction in order to prove the existence of a prior conviction. During the two-day jury trial, the State presented multiple witnesses and documents, including the abstract of judgment. The jury convicted Jones of one count of failure to register as a convicted sex offender.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38737

Jones now appeals and raises the following issues: (1) whether the district court abused its discretion by admitting the abstract of judgment as evidence of his prior convictions, and (2) whether there was sufficient evidence to sustain his conviction for failure to register as a sex offender.

*The district court did not abuse its discretion by admitting an abstract of judgment as evidence of Jones's prior convictions*

"We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "The district court's exercise of discretion will not be disturbed absent a showing of palpable abuse. *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev., Adv. Op. 81, 312 P.3d 503, 507 (2013) (internal quotations omitted). "This court reviews questions of statutory interpretation de novo." *Blackburn v. State*, 129 Nev., Adv. Op. 8, 294 P.3d 422, 425 (2013).

> *Nevada law does not require a certified copy of a judgment of conviction in order to establish the existence of a defendant's prior conviction*

NRS Chapter 179D regulates the registration of convicted sex offenders. *See* NRS 179D.441-.550. NRS 179D.460(1)-(2) requires a person who has been convicted of a sexual offense to register with a local law enforcement agency when that person has been present in a Nevada county or municipality for 48 hours. Failure to register if required to do so is a category D felony. NRS 179D.550(1)(d). NRS Chapter 179D does not identify the type of evidence that is necessary to establish a defendant's prior conviction for a sexual offense.

This court has held that documentation other than a certified copy of a judgment of conviction can be used to establish the existence of a prior conviction. In *Pettipas v. State*, this court considered whether a

SUPREME COURT
OF
NEVADA

(O) 1947A

2

statute providing for an enhanced sentence where a defendant has a prior related conviction required proof by certified copy of the written judgment of conviction. 106 Nev. 377, 379, 794 P.2d 705, 706 (1990). The defendant was a motorist convicted of driving under the influence of alcohol. *Id.* at 378, 794 P.2d at 705. In enhancing the conviction to a felony in light of two previous convictions for misdemeanor DUIs, the district court did not rely on certified copies of judgments of conviction. *Id.* at 379, 794 P.2d at 706. Instead, it relied on "certified copies of docket sheets and other documents from the courts in which the convictions were entered." *Id.* Because the statute at issue "merely require[d] that a prior offense be evidenced by a conviction," the *Pettipas* court held that the prior conviction could be established by evidence other than a certified copy of a judgment of conviction. *Id.* (internal quotations omitted); *see also English v. State*, 116 Nev. 828, 835-36, 9 P.3d 60, 64 (2000) (holding that documents including a "criminal complaint, a signed waiver of rights form, and two pages of handwritten notes" were sufficient evidence of defendant's prior conviction); *Isom v. State*, 105 Nev. 391, 394, 776 P.2d 543, 546 (1989) (holding that documents including defendant's pleadings of nolo contendere to a DUI and of guilty to another DUI, along with the complaint, were sufficient to establish prior convictions).

When using a prior conviction to seek an enhanced sentence, "the state must prove beyond a reasonable doubt: (1) the identity of the person; and (2) the conviction of prior felonies." *Carr v. State*, 96 Nev. 936, 939, 620 P.2d 869, 871 (1980); *see also Howard v. State*, 83 Nev. 53, 57, 422 P.2d 548, 550 (1967) (same); *Hollander v. State*, 82 Nev. 345, 349-50, 418 P.2d 802, 804 (1966) (holding that the State must prove existence of prior convictions beyond a reasonable doubt). This burden is identical to

the State's burden to prove the existence of a prior conviction beyond a reasonable doubt when the prior conviction is an element of the charged crime. *See Brown v. State*, 114 Nev. 1118, 1126, 967 P.2d 1126, 1131 (1998) (observing that "the State must generally introduce evidence of a defendant's prior felony convictions in order to establish the elements of a [crime] beyond a reasonable doubt"). Thus, Nevada caselaw regarding the type of evidence required to establish a prior conviction in the sentence enhancement context is applicable to the issue of the type of evidence required to establish a prior conviction as an element of a crime.

Here, the district court's decision to admit the abstract of judgment as evidence of Jones's prior convictions was consistent with Nevada caselaw. Therefore, the district court did not abuse its discretion by admitting the abstract of judgment as evidence of Jones's prior convictions.

*There was sufficient evidence to support Jones's conviction*

In assessing a sufficiency of the evidence challenge, the question is not "whether this court is convinced of the defendant's guilt beyond a reasonable doubt, but whether the jury, acting reasonably, could be convinced to that certitude by evidence it had a right to [consider]." *Edwards v. State,* 90 Nev. 255, 258-59, 524 P.2d 328, 331 (1974). "[A] reviewing court must consider all of the evidence admitted by the trial court, regardless [of] whether that evidence was admitted erroneously." *Stephans v. State*, 127 Nev., Adv. Op. 65, 262 P.3d 727, 734 (2011) (emphasis omitted) (internal quotations omitted).

The crime of failure to register as a sex offender while present in Nevada has three elements: (1) the defendant has previously been convicted of a sexual offense, (2) the defendant has been present in a Nevada county or municipality for 48 hours, and (3) the defendant has not

registered with a local law enforcement agency. NRS 179D.460(1)-(2); *see* NRS 179D.550(1)(a) (criminalizing the failure to register).

The State proffered multiple witnesses and documents to identify that Jones was a convicted sex offender, that he was in Reno for at least 48 hours, and that he did not register with the Reno Police Department. Because the State proffered evidence to establish each element of the crime of failure to register as a sex offender, we conclude that there was sufficient evidence to support Jones's conviction.

Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Janet J. Berry, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

5