NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR DAVID RIVERA-ESQUIVEL, | No. 15-73482 |
| Petitioner, | Agency No. A074-384-216 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 10, 2021**
Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.

Petitioner Cesar David Rivera-Esquivel challenges a final removal order in which the Board of Immigration Appeals (BIA) ordered him deported to Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part for lack of jurisdiction.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.    Rivera argues that the agency improperly applied the modified categorical approach to his conviction under Nevada Revised Statute § 453.321 (1998) because that state statute is indivisible as to the identity of the relevant controlled substance.  But he did not raise this issue before the BIA, so it is unexhausted and we lack jurisdiction over it.  *See Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014) ("Generally, 8 U.S.C. § 1252(d)(1) mandates exhaustion and therefore bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." (cleaned up)); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (clarifying that a petitioner is "deemed to have exhausted only those issues he raised and argued in his brief before the BIA").

2.    In the alternative, Rivera claims that § 453.321 is indivisible with regard to its *actus reus* requirement so it cannot be subject to the modified categorical approach and the agency erred in so concluding.  We disagree.  Several binding Nevada Supreme Court decisions establish that § 453.321 is divisible as to its *actus reus* requirement by analyzing the sale of controlled substances, of which Rivera was convicted, as a stand-alone offense even though it is not the only act enumerated in the statute.  *See Sparks v. State*, 591 P.2d 268, 269 (Nev. 1979) (per curiam); *Hamilton v. State*, 582 P.2d 376, 377 (Nev. 1978) (per curiam); *Ward v. Sheriff, Clark Cnty.*, 529 P.2d 798, 799 (Nev. 1974) (per curiam); *cf. Mathis v.*

*United States*, 136 S. Ct. 2243, 2256 (2016) (explaining that the divisibility question is settled if "a state court decision definitively answers the question" in the affirmative). The agency correctly found that Rivera's prior conviction under § 453.321 is subject to the modified categorical approach and we thus deny the petition with regard to this issue. *See Mathis*, 136 S. Ct. at 2256; *Ward*, 529 P.2d at 798–99. And we decline to address Rivera's unexhausted suggestion that his conviction record is vague as to the *actus reus* to which he pled guilty. *See Abebe*, 554 F.3d at 1208.

3.     Rivera contends that the agency erroneously denied him the opportunity to seek withholding of removal because he was not sentenced to incarceration for violating § 453.321, so he is not guilty of a *per se* particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). He further maintains that the agency improperly declined to analyze whether he poses any danger to the community in deeming him ineligible for withholding of removal. But Rivera did not raise these arguments before the BIA, meaning that they are unexhausted and we lack jurisdiction to address them. *See Abebe*, 554 F.3d at 1208.

4.     Apart from the above issues, Rivera disputes the agency's finding that his fear of torture in Mexico is speculative such that he is not entitled to protection under the Convention Against Torture (CAT). We disagree because substantial evidence supports the agency's finding on this issue.

CAT relief is available only if an alien shows it is more likely than not that he or she faces a particularized threat of torture at the instigation of, or with the consent and acquiescence of, an official in the country of removal. *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013); *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). And Rivera did not meet this standard. He claims that, if he is deported to Mexico, the individual from which he sourced the cocaine that he was convicted of selling will kill him in revenge. But the person Rivera spoke of was not tried for any drug crimes in the United States. Rivera has not spoken to this individual or any of his associates for at least twenty years. And Rivera's claims that this person now works for the cartels in Mexico is not supported by any facts in the record. Rivera did not demonstrate that anyone is interested in his whereabouts or has any desire to harm him in the future, much less that the Mexican government would acquiesce to this speculative torture. We deny Rivera's petition with regard to CAT protection for these reasons. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1113–14 (9th Cir. 2011).

The petition for review is denied as to the divisibility of § 453.321 with regard to its *actus reus* requirement and as to CAT relief. The petition is otherwise dismissed for lack of jurisdiction.

**DENIED IN PART AND DISMISSED IN PART.**

4