OPINION

Per Curiam:

This is an appeal from a judgment of conviction, pursuant to a conditional plea of guilty, of one count of driving under the influence of alcohol, third offense. The district court sentenced appellant to serve a term of eighteen months in the Nevada State Prison. Appellant contends that the district court erred in sentencing appellant for third offense DUI because his two prior DUI convictions are both for first offense DUI. We disagree.
The facts of this case are not disputed: Appellant acknowledges that prior to the instant offense, he had two prior DUI convictions. Appellant’s first conviction occurred on May 6, 1985. The second conviction occurred on August 7, 1990, when the munici *1020 pal court judge convicted appellant, pursuant to a plea of nolo contendré, of first offense DUI. There is no indication that the prosecuting attorney for the 1990 conviction was aware of appellant’s 1985 conviction. On July 3, 1991, appellant filed in the district court a motion to suppress evidence concerning the 1990 conviction. Appellant argued that the state could not use appellant’s 1990 conviction for the purpose of charging appellant with third offense DUI. The state opposed the motion. At an eviden-tiary hearing on the motion, it was revealed that, at the time of the 1990 conviction, neither appellant’s attorney, the prosecutor, nor the municipal court judge informed appellant that the 1990 conviction could be used to enhance a subsequent conviction to third offense DUI. The district court denied appellant’s motion to suppress evidence of the 1990 conviction and sentenced appellant for third offense DUI. This appeal followed.
In State v. Smith, 105 Nev. 293, 774 P.2d 1037 (1989), and Perry v. State, 106 Nev. 436, 794 P.2d 723 (1990), we concluded that a second DUI conviction obtained pursuant to a guilty plea entered under an agreement specifically permitting the defendant to enter a plea of guilty to first offense DUI could not be used to enhance a third DUI offense to a felony, because doing so would violate the agreement under which the guilty plea was entered and would frustrate the reasonable expectations of the parties.
In the present case, the record reveals that appellant’s 1990 conviction was erroneously treated as a first offense by the prosecuting authorities. Appellant’s treatment as a first offender was not the result of a negotiated plea bargain on that specific issue. Appellant did not acquire any substantive rights merely because the state failed to discover appellant’s 1985 conviction or because the state failed to charge appellant with committing a second DUI offense. Barring the special conditions mentioned in Smith and Perry, a defendant’s prior DUI convictions are properly used to enhance a third conviction to a felony, regardless of the sequence of the offenses or convictions. See NRS 484.3792(2). Accordingly, we conclude that the district court did not err in denying appellant’s motion to suppress the evidence and the district court properly sentenced appellant for third offense DUI. The judgment of conviction is affirmed.