TIMOTHY WAYNE PERRY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 20650

July 18, 1990                                        794 P.2d 723

*Frederick B. Lee,* Public Defender, *Mary E. Leddy,* Deputy Public Defender, Elko County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mark D. Torvinen,* District Attorney, *John S. McGimsey,* Deputy District Attorney, Elko County, for Respondent.

# OPINION

*Per Curiam:*

On February 5, 1989, appellant Timothy Wayne Perry was arrested for driving under the influence of alcohol (DUI). This was Perry's third arrest for DUI. At the time of his arrest, Perry stated to James McKowan, the arresting officer, that he had only two first-offense DUI convictions and that he had never received a second-offense DUI conviction. After a jury trial, appellant was found guilty of driving under the influence of alcohol. At the sentencing phase, Perry testified that the justice of the peace, in the second DUI trial, advised him that if he pleaded guilty, the charge would be treated as a first-offense DUI. Perry further testified that he understood that if he were picked up a third time, he would only be convicted for a *second*-offense DUI. Based upon this understanding, Perry pleaded guilty at the time of his second-offense DUI to a first-offense DUI. Furthermore, the state in its answering brief concedes that ''both convictions were termed First Offense DUI's.'' In the instant proceedings, the district court judge, nonetheless, considered this conviction as a third-offense DUI for purposes of sentencing. On October 23, 1989, the district court sentenced Perry to serve a term of two years in the Nevada State Prison and to pay a fine of $2,000.00. This appeal followed.

Perry contends that the district court erred when it used the second-offense DUI charge to enhance his third-offense DUI to a felony as provided in NRS 484.3792. The record clearly reflects that Perry pleaded guilty to a first-offense DUI when he was charged for what was actually his second offense. Perry also testified that he believed that the offense to which he was pleading would be treated as a first offense. In *State v. Smith*, 105 Nev. 293, 774 P.2d 1037 (1989), the facts were similar to those in the instant case. We stated:

> Nothing in the record indicates that, in 1986, the State advised Smith that after receiving treatment as a first-offender, the 1986 conviction would thereafter revert to a second offense in the event of further drunk-driving convictions. Moreover, we assume that Smith's 1986 guilty plea was induced, at least in part, by the knowledge that a first-time offense, for purposes of minimizing criminal penalties for future drunk-driving convictions, was preferable to a second offense. ''[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'' *Santobello v. New York,*

404 U.S. 257, 262 (1971). . . . In this case, because it was reasonable for the parties to expect that Smith's 1986 conviction would be treated as a first offense in all respects, including penalty enhancement for future drunk-driving convictions, enforcement of the plea agreement is appropriate.

*Id.* at 298-299, 774 P.2d at 1041.

In accordance with *Smith,* the reasonable expectations of the parties should be honored. When a person pleads guilty to a first-offense DUI, it must be treated as a first-offense DUI for all purposes, including sentencing for later convictions. Although in this case, the judge, rather than the prosecutor, made the plea arrangement with Perry, as we noted in *Smith,* "we hold the State to 'the most meticulous standards of promise and performance.'" *Id.* at 298, 774 P.2d at 1040 (citation omitted).

If we hold the state to the strictest standard of upholding the bargain when it is the prosecutor who is striking the bargain, it would be inconsistent not to hold the state to a similar standard when it is the judge who engages in this process. Here, Perry pleaded guilty to a *first*-offense DUI. To allow the conviction now to be treated as a *second*-offense DUI for the purpose of enhancing Perry's sentence would be inherently unfair to Perry, who pleaded in good faith to first-offense DUI. Accordingly, we reverse the district court's decision and hold that Perry's second-offense DUI conviction must be treated as a first-offense DUI for all purposes.

We have fully examined the remaining issues raised by Perry and conclude that they are without merit. In light of the above, we remand this matter to the district court for further sentencing proceedings consistent with the views expressed herein.