THE STATE OF NEVADA, Appellant, v. MICHAEL DAVID CRIST, Respondent.

No. 23235

December 11, 1992                               843 P.2d 368

▮

▮

▮

*Frankie Sue Del Papa,* Attorney General, Carson City; *Marshall S. Smith,* District Attorney, *John S. McGimsey,* Deputy District Attorney, and *Robert J. Lowe,* Deputy District Attorney, Elko County, for Appellant.

*Matthew J. Stermitz,* Elko, for Respondent.

▮

## OPINION

*Per Curiam:*

Appellant Michael Crist was arrested in Elko, Nevada, on January 2, 1992, for driving under the influence of alcohol. A

breath test disclosed a blood-alcohol level of .18. Crist was charged with felony DUI pursuant to NRS 484.3792(1)(c)[1] because he had two prior DUI convictions. The prior offenses occurred in Idaho in February and July of 1991. On both occasions, Crist pleaded guilty to first-offense DUI pursuant to plea bargains.

The district court granted Crist's motion to suppress the prior DUI conviction, thereby eliminating the basis for a felony prosecution. The lower court ruled that Nevada law precluded using the plea bargained first offenses to enhance the pending DUI charge to a felony.

On appeal, the State contends that the legislature intended the phrase "third or subsequent offense" to mean any three offenses irrespective of their designation. We are thus urged by the State to reconsider our holdings in State v. Smith, 105 Nev. 293, 774 P.2d 1037 (1989) and Perry v. State, 106 Nev. 436, 794 P.2d 723 (1990). This we decline to do.

In both *Smith* and *Perry,* we held that a second DUI conviction plea bargained to a first-offense status "must be treated as a first-offense DUI for all purposes," including penalty enhancement. *Perry,* 106 Nev. at 438, 794 P.2d at 725; *Smith,* 105 Nev. at 299, 774 P.2d at 1041. In so ruling, we upheld the integrity of plea bargains and the reasonable expectations of the parties relating thereto. *Smith,* 105 Nev. at 229, 774 P.2d at 1041, *citing* Van Buskirk v. State, 102 Nev. 241, 720 P.2d 1215 (1986).

We are persuaded that the *Smith-Perry* rule applies with equal force to out-of-state plea bargains. To hold otherwise would erode Nevada's public policy in favor of honoring and enforcing plea bargains, and promote confusion among defendants allowed to enter such pleas.

For the reasons stated above, we affirm the order of the district court.[2]

---

[1]NRS 484.3792(1)(c) provides in pertinent part:

Any person who violates the provisions of NRS 484.379 . . . for a third or subsequent offense within 7 years, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years and must be further punished by a fine of not less than $2,000 nor more than $5,000.

[2]THE HONORABLE JOHN MOWBRAY, Chief Justice, did not participate in the decision of this appeal.