OPINION
By the Court,
Agosti, J.:
The issues raised in this appeal are: (1) whether convictions for battery constituting domestic violence occurring prior to January 1, 1998, may be used to enhance the penalty of a subsequent conviction for battery constituting domestic violence under NRS 200.485; and (2) whether the evidence of a prior misdemeanor conviction demonstrated its constitutional validity for enhancement purposes. We conclude that convictions occurring prior to January 1, 1998, may be used to enhance the penalty of the appellant’s present conviction. We also conclude that the district court *830 properly determined that the evidence presented relating to appellant’s prior conviction demonstrated the constitutional validity of that conviction for enhancement purposes. We therefore affirm appellant’s conviction.

FACTS

On May 13, 1998, appellant Robert Barnes English, Jr., battered his live-in girlfriend. He was charged by criminal information with a felony crime that was denominated as “domestic battery, a violation of NRS 33.018, NRS 200.481 and NRS 200.485.” To enhance English’s crime to a felony under NRS 200.485, the information alleged that English was previously convicted of battery constituting domestic violence on September 28, 1995 and February 11, 1998.
After English pleaded guilty, the prosecutor provided the district court with copies of records concerning English’s prior domestic battery convictions.[1] English conceded that the documents evidencing his February 1998 conviction were valid proof of a prior conviction for enhancement purposes. However, he challenged the use of the documents relating to his September 1995 conviction. English argued that this conviction could not be used to enhance the penalty of his present offense because NRS 200.485 does not permit convictions that occurred prior to January 1, 1998, to be used for enhancement purposes. He further argued that this conviction could not be used for enhancement purposes because the documents provided to the district court do not show that constitutional principles were respected in the prior misdemeanor proceedings.
*831 The district court disagreed and used English’s September 1995 and February 1998 convictions to enhance to a felony the conviction from which he now appeals. The district court entered judgment against English and sentenced him to imprisonment for a minimum term of twelve months to a maximum term of thirty-six months, to run concurrently with any sentence English was currently serving. English then filed this appeal.

DISCUSSION

Whether a conviction for battery constituting domestic violence occurring prior to January 1, 1998, may be used to enhance the penalty of the present conviction under NRS 200.485

In July 1997, the Nevada Legislature passed Assembly Bill 170 (“the domestic violence enhancement law”), which sought to ensure the effective prosecution of crimes involving domestic violence. 1997 Nev. Stat., ch. 476, § 1, at 1799. Section 18 of that bill increases the severity of the offense and consequent penalty for battery constituting domestic violence from a misdemeanor to a felony when the defendant has two prior convictions for the same offense within the immediately preceding seven years. Id., § 18, at 1811-12. Section 18 is codified at NRS 200.485, which provides, in part:
1. Unless a greater penalty is provided pursuant to NRS 200.481, a person convicted of a battery that constitutes domestic violence pursuant to NRS 33.018:
(a) For the first offense within the immediately preceding 7 years, is guilty of a misdemeanor ....
(b) For the second offense within the immediately preceding 7 years, is guilty of a misdemeanor ....
(c) For the third and any subsequent offense within the immediately preceding 7 years, is guilty of a category C felony and shall be punished as provided in NRS 193.130.
This provision of the domestic violence enhancement law took effect on January 1, 1998. 1997 Nev. Stat., ch. 476, § 34(4), at 1821. Section 32 of the domestic violence enhancement law provides that “[sjections 18 and 19 of this act do not apply to offenses that are committed before January 1, 1998.” 1997 Nev. Stat., ch. 476, § 32, at 1821 (emphasis added).
English contends that this latter provision is ambiguous because it could be interpreted to have two different meanings. One interpretation is that “offenses” committed before January 1, 1998, cannot be enhanced using prior convictions. The other interpretation is that convictions which occurred before January 1, 1998, cannot be used to enhance the penalty of a present conviction. *832 English asks this court to conclude that the legislature intended the latter meaning. We must decline English’s request.
English argues that because the statute is ambiguous, it must be construed in his favor. See Shrader v. State, 101 Nev. 499, 505-06, 706 P.2d 834, 838 (1985) (“criminal statutes must be liberally construed in favor of the accused when resolving ambiguities”). However, “no rule of construction requires that a penal statute be strained and distorted to exclude conduct clearly intended to be within its scope.” Poison v. State, 108 Nev. 1044, 1047 n.4, 843 P.2d 825, 827 n.4 (1992). “A statute should be construed in light of the policy and the spirit of the law, and the interpretation should avoid absurd results.” Hunt v. Warden, 111 Nev. 1284, 1285, 903 P.2d 826, 827 (1995). “When interpreting a statute, this court resolves any doubt as to legislative intent in favor of what is reasonable, and against what is unreasonable.” Id. English’s claim that the statute is ambiguous and consequent request for construction of the statute in his favor leads to a result which is strained and distorted. Therefore, we decline to interpret section 32 of the domestic violence enhancement law to mean that offenses occurring prior to January 1, 1998, cannot be used to enhance a current conviction.
The legislature intended as a matter of public policy that convictions of battery constituting domestic violence occurring before the law’s effective date could be used for enhancement purposes. Assemblywoman Genie Ohrenschall testified before the Senate Committee on Judiciary that “domestic violence was characterized particularly by its repetitive nature” and that the domestic violence enhancement law sought to reduce the high rate of recidivism by providing “a comprehensive program to combat the problem of domestic violence.”[2] Ohrenschall stressed that “all the efforts under this bill were to prevent the third offense from ever happening.”[3] It is difficult to reconcile Assemblywoman Orenschall’s remarks with the interpretation of the statute proffered by English.
It is evident that in enacting section 32 of the domestic violence law, the legislature intended to preclude an offense that was committed prior to January 1, 1998, from being enhanced using prior convictions. For example, a battery constituting domestic violence which occurred on December 31, 1997 (New Year’s Eve), or at a 1997 holiday party cannot be enhanced using prior convictions even though the state filed its complaint after January 1, 1998.
*833 Accordingly, we conclude that the legislature intended that domestic battery convictions occurring before the effective date of the domestic violence enhancement law may be used for enhancement purposes. English provides no reason, nor can we discern any reason, why the legislature would allow current habitual domestic batterers to avoid immediate enhancement penalties once the domestic violence enhancement law took effect. This law places repeat offenders on notice that they will be charged with a felony if their next charge of domestic battery constitutes a third offense. It would be unreasonable to interpret the law in a way that would allow current habitual domestic batterers to commit two more offenses after January 1, 1998, before their next conviction could be enhanced to a felony under NRS 200.485(l)(c).
To further support his position, English analogizes NRS 200.485 to Nevada’s current DUI enhancement law, as amended in 1983.[4] Specifically, English points to section 35 of A.B. 167 (“DUI bill”), wherein the legislature provided July 1, 1976, as a starting date from which prior DUI convictions could be used to enhance the penalty for a subsequent conviction. That section reads:
In extending to 7 years the period during which prior [DUI] offenses may be considered, the legislature intends that any offense as defined in subsection 6 of section 10 of this act which occurred on or after July 1, 1976, and is evidenced by a conviction be considered a prior offense for the purposes of this act.
1983 Nev. Stat., ch. 426, § 35, at 1089. English contends that if the legislature had intended that domestic battery offenses occurring before January 1, 1998, be used to enhance the penalty for a subsequent offense, it would have similarly included a starting date.
We conclude that English’s argument is without merit. In amending the DUI enhancement law in 1983, the legislature extended from five to seven years the period from which prior DUI convictions could be considered for enhancement purposes.[5] By providing a starting date in section 35 of the DUI bill the leg *834 islature merely sought to avoid any confusion created by the extension of time from five to seven years.[6] By contrast, in enacting the domestic violence enhancement law, the legislature did not need to provide a starting date to avoid confusion. Since the domestic violence enhancement law took effect on January 1, 1998, it necessarily follows that January 1, 1991, is the starting date from which prior convictions can be used for enhancement purposes.
Indeed, by providing a starting date seven years before the amendments to the DUI enhancement law took effect, the legislature clearly revealed its intention that DUI convictions occurring prior to the effective date of that law be considered for enhancement purposes. Because the domestic violence enhancement law was modeled after the DUI bill,[7] domestic violence convictions which occurred prior to the effective date of the domestic violence enhancement law must similarly be considered for enhancement purposes. See State Farm Mut. v. Comm’r of Ins., 114 Nev. 535, 541, 958 P.2d 733, 737 (1998) (noting that the “meaning of a statute may be determined by referring to laws which are ‘in pari materia’ ” i.e., “when they relate to the same person or things, to the same class of persons or things, or have the same purpose or object”).
English also contends that any conviction prior to the enactment of the statute could not be used for enhancement purposes because the offense of battery constituting domestic violence did not exist prior to the effective date of the domestic violence enhancement law. The definition and penalties for battery constituting domestic violence is codified at NRS 200.485 which took effect on January 1, 1998. Subsection (6)(b) of that statute provides that:
“Offense” includes a battery which constitutes domestic violence pursuant to NRS 33.018 or a violation of the law of any other jurisdiction that prohibits the same or similar conduct.
NRS 33.018 provides that domestic violence occurs when a person commits a battery against or upon one of the following persons:
*835 his spouse, former spouse, any other person to whom he is related by blood or marriage, a person with whom he is or was actually residing, a person with whom he has had or is having a dating relationship, person with whom he has a child in common, the minor child of any of those persons or his minor child.
The legislature did not create a new crime by the passage of this statute. At the time English committed his prior offense in 1995, the former version of NRS 200.481, the general battery statute, subjected those who committed a battery upon someone with whom they had a domestic relationship to the possibility of an increased penalty. Former NRS 200.481(2)(a) gave the sentencing court the option of requiring the defendant to participate in counseling if the defendant committed the battery upon:
his spouse, former spouse, a person to whom he is related by blood, a person with whom he is or was actually residing or with whom he has a child in common, his minor child or a minor child of that person.
1987 Nev. Stat., ch. 232, § 1, at 515. This is virtually the same definition of a battery constituting domestic violence pursuant to NRS 33.018. By enacting the domestic violence enhancement law, the legislature simply moved the provisions concerning the crime of battery constituting domestic violence from NRS 200.481 to 200.485 and provided new enhanced penalties when the defendant had prior convictions. We therefore disagree with English’s assertion that the legislature created a new crime by enacting the domestic violence enhancement law.

Whether the documents evidencing English’s September 1995 misdemeanor conviction were adequate for enhancement purposes

English also contends that the documents evidencing his September 1995 conviction fail to show that constitutional principles were respected in obtaining that conviction, and that it is unclear if he was represented by counsel or waived his right to counsel. We conclude that these contentions lack merit.
In Dressier v. State, 107 Nev. 686, 697, 819 P.2d 1288, 1295 (1991), this court held that “in order to rely on a prior misdemeanor judgment of conviction for enhancement purposes, the state had the burden of proving either that the defendant was represented by counsel or validly waived that right, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings.”
Documents relating to English’s September 1995 conviction included the criminal complaint, a signed waiver of rights form, *836 and two pages of handwritten notes, which appear to be the municipal court’s notes of the proceedings. We consider this sufficient evidence of English’s 1995 conviction, when taken as a whole and in consideration of the realities of misdemeanor prosecutions. See Pettipas v. State, 106 Nev. 377, 794 P.2d 705 (1990) (formal, written judgment of conviction not required if other documents, such as docket sheets, evidence the conviction); Isom v. State, 105 Nev. 391, 776 P.2d 543 (1989) (citation and plea are sufficient evidence of conviction; complaint, plea, and sentence are sufficient evidence of conviction).
We conclude that the district court did not err by finding that these documents evidenced English’s September 1995 conviction by a preponderance of the evidence. See Dressier, 107 Nev. at 693, 819 P.2d at 1293 (question of constitutionality of prior conviction decided by a preponderance of the evidence).
The municipal court notes indicate that English pleaded guilty to domestic battery in the Reno Municipal Court on September 26, 1995. Although the waiver of rights form does not have a case number on it, English signed this form on the same day. Therefore, it appears that the waiver form relates to the same case. The waiver form is also signed by English’s attorney The municipal court notes also indicate that English was sentenced for this offense on September 28, 1995. The court notes indicate that English’s attorney was present at his sentencing hearing. Together, these documents constitute sufficient evidence of English’s September 1995 conviction of domestic battery for enhancement purposes.

CONCLUSION

We conclude that a conviction for battery constituting domestic violence occurring prior to January 1, 1998, may be used to enhance a subsequent conviction of battery constituting domestic violence under NRS 200.485. We further conclude that the documents relating to English’s September 1995 conviction were adequate to show that English was represented by counsel and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings. Accordingly, we affirm English’s judgment of conviction.
Shearing, J., concurs.

The original criminal complaint alleged that English had previously been convicted of an offense constituting domestic battery on January 5, 1995, September 28, 1995, August 9, 1996, and February 11, 1998. The subsequent information filed against English alleged only the September 1995 and February 1998 convictions. The State presented documents at the arraignment evidencing all four of English’s prior misdemeanor convictions, but the district court only considered the documents relating to the convictions alleged in the complaint. On appeal, the State argues that the district court should have considered the records relating to all four convictions because unlike NRS 484.3792(2), which requires that the prior offenses of driving under the influence must be alleged in the complaint, indictment or information in order for such offenses to be used to enhance the penalty for a subsequent conviction, NRS 200.485 does not contain such a requirement. Because we conclude that English’s September 1995 conviction is constitutionally valid for enhancement purposes, we need not address the State’s argument at this time, except to observe, in passing, that alleging a prior conviction in a complaint or information where the state seeks to enhance the conviction from a misdemeanor to a felony or increase the misdemeanor penalty comports with the procedural due process consideration of notice.

Clearing on A.B. 170 Before the Senate Comm, on Judiciary, 69th Leg. at 235-36 (Nev., June 27, 1997).

Id. at 239, 240.

See NRS 484.3792 which provides, in part:
1. A person who violates the provisions of NRS 484.379:
(a) For the first offense within 7 years, is guilty of a misdemeanor ....
(b) For a second offense within 7 years, is guilty of a misdemeanor ....
(c) For a third or subsequent offense within 7 years, is guilty of a category B felony ....

 1983 Nev. Stat., ch. 426, § 8, at 1068-69 deleted the subsections of NRS 484.379 which provided enhanced penalties for DUI convictions when the *834 defendant had prior DUI convictions in the preceding five years. 1983 Nev. Stat., ch. 426, § 10, at 1070-71 added NRS 484.3792 which provides enhanced penalties for DUI convictions when the defendant has prior DUI convictions within the preceding seven years.

See Hearing on A.B. 167 Before the Senate Comm, on Transp., the Assembly Comm, on Transp., and the Assembly Comm, on Judiciary, 62nd Leg. at 19 (Nev., February 17, 1983) (stating that the DUI legislative subcommittee believed that the five-year prior offense period should be extended to seven years).

Hearing on A.B. 170 Before the Senate Comm, on Judiciary, 69th Leg. at 239, 244 (Nev., June 27, 1997).