# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHELDON RAETH TOSH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 6842 **FILED**

**DEC 02 2016**

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving under the influence with two or more prior convictions. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

On July 10, 2008, appellant Sheldon Tosh was convicted of driving while intoxicated in Faulkner County, Arkansas (the Faulkner conviction). Prior to the Faulkner conviction, Tosh was convicted of driving while intoxicated in Sherwood, Arkansas. The certified docket sheet from Faulkner County indicates that Tosh pleaded guilty to first-offense driving while intoxicated.

Here, following a jury trial, Tosh was found guilty of driving under the influence with two or more prior convictions. Prior to sentencing, Tosh filed a motion to suppress the use of the Faulkner conviction for enhancement purposes under NRS 484C.400(1)(c). After a hearing on the matter, the district court denied Tosh's motion. Tosh timely appealed.

SUPREME COURT
OF
NEVADA

(O) 1947A

16-37325

*The district court did not abuse its discretion in denying Tosh's motion to suppress*

Tosh argues that the district court erred in denying his motion to suppress the Faulkner conviction for enhancement purposes. Tosh contends that the Faulkner conviction for DUI first cannot be treated as a DUI second because a plea agreement was reached wherein Tosh pleaded guilty to a DUI first instead of a DUI second.

The State argues that, because the Faulkner docket sheet does not indicate that a plea agreement was reached with the understanding that the DUI first could not be treated as an enhanceable offense, and because testimony established that the jurisdiction in which the conviction took place does not offer such agreements, there is sufficient evidence to conclude there was no such agreement.

"Suppression issues present mixed questions of law and fact." *State v. Beckman*, 129 Nev., Adv. Op. 51, 305 P.3d 912, 916 (2013) (internal quotation marks omitted). "This court reviews findings of fact for clear error, but the legal consequence of those facts involve questions of law that we review de novo." *Id.* This court has held that "[t]rial courts have considerable discretion in determining the relevance and admissibility of evidence. An appellate court should not disturb the trial court's ruling absent a clear abuse of that discretion." *Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 286 (2004) (internal quotation marks omitted).

This court has concluded that a second DUI conviction obtained pursuant to a guilty plea entered under an agreement specifically permitting the defendant to enter a plea of guilty to a first DUI offense cannot be used to enhance a third DUI offense to a felony, because doing

so would violate the agreement under which the guilty plea was entered and would frustrate the reasonable expectations of the parties. *See State v. Crist,* 108 Nev. 1058, 1059, 843 P.2d 368, 369 (1992); *Perry v. State,* 106 Nev. 436, 438, 794 P.2d 723, 724 (1990); *State v. Smith,* 105 Nev. 293, 298-99, 774 P.2d 1037, 1041 (1989). This rule applies to out-of-state plea bargains as well. *Crist,* 108 Nev. at 1059, 843 P.2d at 369 (reasoning that "[t]o hold otherwise would erode Nevada's public policy in favor of honoring and enforcing plea bargains, and promote confusion among defendants allowed to enter such pleas"). However, where a plea agreement is reached that does not include an understanding that the underlying conviction cannot thereafter be used for enhancement purposes, the conviction may be used for such a purpose without violating the plea agreement, regardless of the official designation of the prior offense. *See Speer v. State,* 116 Nev. 677, 680, 5 P.3d 1063, 1065 (2000) (concluding that, absent an understanding in the plea agreement that a conviction designated as a first offense would be treated as such for all purposes, the underlying conviction could thereafter be used for enhancement purposes).

Substantial evidence used to support the district court's factual conclusion that the Faulkner conviction was not the result of a plea agreement in which Tosh and the State agreed that the conviction would thereafter be ineligible for enhancement purposes is of concern. There is no written plea agreement in the record regarding the Faulkner conviction. The State and Tosh conceded at the sentencing hearing that a plea agreement may exist, but that the contents of the agreement were unknown. However, testimony from an Arkansas deputy district attorney by telephone at the sentencing hearing, pursuant to Rule 4 of the Nevada

(O) 1947A

Supreme Court Rules Part IX-A, and the docket sheet from the Faulkner conviction suggest that there was no agreement between Tosh and the State regarding the subsequent use of the Faulkner conviction for enhancement purposes. Therefore, we conclude that the district court did not abuse its discretion by denying Tosh's motion to suppress.

*The district court erred by sentencing Tosh without allowing him to present evidence to rebut the presumption of the Faulkner conviction's constitutional adequacy*

The testimony and substantial evidence presented by the State merely create a rebuttable presumption that a prior conviction is constitutionally adequate. *See Davenport v. State*, 112 Nev. 475, 478, 915 P.2d 878, 880 (1996) ("[I]f the [S]tate produces a record of a judgment of conviction which shows that the defendant was represented by counsel, then it is presumed that the conviction is constitutionally adequate, *i.e.*, that the spirit of constitutional principles was respected. The burden is then on the defendant to present evidence to rebut this presumption."). Here, the evidence supports the district court's factual conclusion that the Faulkner conviction was constitutionally adequate, and thus the burden shifts to Tosh to rebut the presumption.

As conceded by the State at oral argument before this court, it does not appear Tosh had the opportunity to present evidence in order to rebut the presumption prior to sentencing.[1] For example, Tosh has a right

---

[1]We note that the Faulkner County Deputy District Attorney did not represent to the court that he was able to review the file or that he had spoken to the prior deputy district attorney who handled the case.

to testify in order to rebut the presumption of the conviction's constitutional adequacy, and he was not afforded that right here. Tosh should be given an opportunity to present evidence before the district court imposes sentencing. Therefore, we vacate the sentence and remand this case to the district court to conduct a new sentencing hearing. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____Cherry_____, J.
Cherry

_____Douglas_____, J.
Douglas

_____Gibbons_____, J.
Gibbons

cc:    Hon. Nancy L. Porter, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

---

[2]We have considered the parties' remaining arguments and conclude that they are without merit.