NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10194 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:15-cr-00133-LRH-PAL-1 |
| JOSHUA STEPHEN DOTY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 16, 2018[**]
San Francisco, California

Before:  WALLACE, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Joshua Doty appeals from his conviction under 18

U.S.C. § 922(g)(9), arguing that his previous state court conviction for battery

constituting domestic violence under Nevada law does not qualify as a predicate

offense under 18 U.S.C. § 921(a)(33)(A).  We have jurisdiction pursuant to 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Doty's entire argument on appeal is premised on the proposition that he was convicted under section 33.018 of the Nevada Revised Statutes, which is in a civil portion of that code. We disagree. Both Nevada statutes and Nevada case law make clear that section 200.485 of the Nevada Revised Statutes, which is in a criminal portion of that code and which is titled "Battery which constitutes domestic violence," is the statute under which Doty was previously convicted. *See, e.g., English v. State*, 9 P.3d 60, 64 (Nev. 2000) ("The definition and penalties for battery constituting domestic violence is [sic] codified at [Nevada Revised Statute §] 200.485 which took effect on January 1, 1998.").

Doty has waived any argument as to whether section 200.485 is a categorical match to the federal definition of misdemeanor domestic violence contained in 18 U.S.C. § 921(a)(33)(A). *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived."). We therefore do not reach that issue.

**AFFIRMED.**