**134 Nev., Advance Opinion 50**

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
WILLIAM A. MADDOX,
Respondents,
    and
JOHN THOMAS KEPHART,
Real Party in Interest.

No. 73389

**FILED**

JUL 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus in a criminal matter.

*Petition granted.*

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks,
District Attorney, and Joseph R. Plater, Deputy District Attorney, Washoe
County,
for Petitioner.

Jeremy T. Bosler, Public Defender, and John Reese Petty, Chief Deputy
Public Defender, Washoe County,
for Real Party in Interest.

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

By the Court, PICKERING, J.:

Nevada law imposes increasingly serious penalties on repeat domestic battery offenders. A first offense is a misdemeanor, while a third domestic battery offense within seven years of the first constitutes a felony. A jury convicted John Kephart of domestic battery, his third such offense in seven years. Kephart's second domestic battery conviction resulted from a plea bargain by which Kephart pleaded guilty to and was sentenced for a "first offense" domestic battery. The district court has ruled that it will not consider Kephart's second conviction at sentencing because it would be unfair, given the earlier plea deal, to use the second "first offense" conviction to enhance Kephart's most recent offense to a felony.

Kephart received the benefit of his earlier plea deal when he was given the shorter sentence and lower fine only available to a first-time offender. Before entering his plea, Kephart signed a written acknowledgment that, while he would be sentenced for a "first offense," the State could use that offense and any other prior offenses for enhancement purposes should he commit another domestic battery within seven years. Under these circumstances, using Kephart's two prior "first offense" convictions to enhance his third domestic battery conviction to a felony does not violate the plea bargain by which the second conviction was obtained. We therefore grant the State's petition for a writ of mandamus and direct the district court to take both of Kephart's prior convictions into account in imposing sentence and entering the judgment of conviction in this case.

I.

Kephart has three domestic battery convictions. The first conviction dates back to May 2010, when Kephart pleaded no contest to

 

"Domestic Battery—1st Offense." Kephart was represented by counsel and signed an admonishment of rights form in which he acknowledged that "the State will use this conviction . . . to enhance the penalty for any subsequent offense." The form also set out the range of penalties for a "Second Offense within 7 years (Misdemeanor)" and a "Third Offense or any subsequent offense within 7 years (Category C felony)."

Kephart's second conviction came two months later, in July 2010. Citing the May 2010 conviction, the criminal complaint in the second case charged Kephart with "domestic battery with one prior conviction within the last seven years." A second domestic battery offense in seven years remains a misdemeanor but it carries a longer mandatory minimum term of imprisonment (ten days instead of two days), a higher minimum fine ($500 instead of $200), and more hours of community service (100-200 hours instead of 48-120 hours) than a "first offense" domestic battery conviction. See NRS 200.485(1)(a), (b) (2015).[1]

Kephart represented himself in the second case. He did so after being advised of his constitutional rights and signing a written waiver of the right to court-appointed counsel.[2] Initially, Kephart pleaded not guilty.

---

[1]The Legislature amended NRS 200.485 in 2017, see 2017 Nev. Stat., ch. 496, § 9, at 3183, but this opinion refers to the pre-amendment version of NRS 200.485, since the underlying offense predates the amendment.

[2]See Koenig v. State, 99 Nev. 780, 788, 672 P.2d 37, 42 (1983) (holding that a prior uncounseled misdemeanor conviction can be used for enhancement purposes if preceded by a valid waiver of counsel and the record establishes the proceedings were constitutionally adequate) (citing Baldasar v. Illinois, 446 U.S. 222 (1980) (plurality opinion)). Although the Supreme Court later overruled Baldasar in Nichols v. United States, 511 U.S. 738, 748-49 (1994), it did so on grounds not argued to undermine Koenig's application here.

Later, after the prosecutor amended the complaint by crossing out the references to the May 2010 conviction and writing in "1st" offense everywhere "2nd" offense appeared, Kephart changed his plea from not guilty to guilty. No transcript exists of the change-of-plea hearing, but the district court minutes note the district attorney "couldn't prove the prior domestic battery." The district court accepted Kephart's guilty plea and sentenced him to the statutory minimums applicable to a first offense domestic battery—two days in jail with the remaining 28-day sentence suspended, a $200 fine, and 48 hours of community service.

The plea was not memorialized in a formal plea agreement. Instead, Kephart signed and initialed an "admonishment of rights" form like the one he signed in connection with his May 2010 conviction. This form advised Kephart of the rights he waived by pleading guilty and reminded him of the increasingly severe sentences Nevada law imposes on repeat domestic battery offenders. In signing, Kephart acknowledged that:

> *I understand that the State will use this conviction, and any other prior conviction* from this or any other state which prohibits the same or similar conduct, *to enhance the penalty for any subsequent offense.*

(emphasis added).

Kephart's third, and current, conviction came in January 2017, when the jury found him guilty of one count of domestic battery. In charging the offense, the State relied on Kephart's May and July 2010 domestic battery convictions to enhance the offense to a Category C felony. *See* NRS 200.485(1)(c). Kephart objected to the State using the July 2010 conviction for felony enhancement since the conviction resulted from plea negotiations which, he alleged, obligated the State to treat the conviction as a first offense for all purposes.

 

The district judge deferred decision on Kephart's objection until trial concluded. *See* NRS 200.485(4) (in prosecuting a repeat domestic battery offense the "facts concerning a prior offense must . . . not be read to the jury or proved at trial but must be proved at the time of sentencing"). After the jury returned its verdict, the district court conducted a hearing on Kephart's objection. At the hearing, Kephart testified that he thought pleading guilty to the second conviction as a "first offense" meant that if he reoffended the next conviction would be a second offense. On cross-examination, Kephart admitted signing the admonishment of rights form and that he "kind of" understood the acknowledgment about the State using the conviction and any other prior conviction for future enhancement purposes. The district court did not find that the State affirmatively agreed not to use the July 2010 conviction for enhancement purposes, but nonetheless ruled in Kephart's favor. It deemed the notice to Kephart that the July 2010 conviction could be used to enhance a subsequent offense to a felony inadequate and entered an order stating that it would not consider Kephart's July 2010 conviction in sentencing him.

The district court vacated the sentencing date so the State could appeal. After this court dismissed the State's direct appeal for want of jurisdiction, *see State v. Kephart*, Docket No. 72481 (Order Dismissing Appeal, June 6, 2017), the State filed the petition for a writ of mandamus now presented. We exercise our discretion in favor of granting extraordinary writ relief, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), because the State has no other adequate remedy at law, *see* NRS 34.170; NRS 177.015(3), and the district court's refusal, on this record, to take Kephart's July 2010 conviction into account at sentencing violates the statutory mandate in NRS 200.485(1)(c). *See*

Supreme Court
OF
Nevada

(O) 1947A

5

*State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011).

## II.

### A.

Each of Kephart's convictions has been for the crime of "domestic battery, a violation of NRS 33.018, NRS 200.481, and NRS 200.485." Though three statutes are cited, they cross-reference each other and together establish the elements of battery constituting domestic violence and its associated penalties. The cross-referenced statutory scheme dates back to 1997 when the Legislature enacted NRS 200.485 and reorganized NRS 200.481 to discourage recidivism by enhancing the penalties for repeat domestic violence offenses. *See English v. State*, 116 Nev. 828, 832-35, 9 P.3d 60, 62-64 (2000) (chronicling the history of NRS 200.485 and its relationship to NRS 33.018 and NRS 200.481).

NRS 200.485 states the penalties for convictions for the crime of battery constituting domestic violence:

> 1. Unless a greater penalty is provided pursuant to subsection 2 or NRS 200.481, a person convicted of a battery which constitutes domestic violence pursuant to NRS 33.018:
>
> (a) For the first offense within 7 years, is guilty of a misdemeanor and shall be sentenced to:
>
> (1) Imprisonment in the city or county jail or detention facility for not less than 2 days, but not more than 6 months; and
>
> (2) Perform not less than 48 hours, but not more than 120 hours, of community service.
>
> The person shall be further punished by a fine of not less than $200, but not more than $1,000. . . .
>
> (b) For the second offense within 7 years, is guilty of a misdemeanor and shall be sentenced to:

(1) Imprisonment in the city or county jail or detention facility for not less than 10 days, but not more than 6 months; and

(2) Perform not less than 100 hours, but not more than 200 hours, of community service.

The person shall be further punished by a fine of not less than $500, but not more than $1,000.

(c) For the third and any subsequent offense within 7 years, is guilty of a category C felony and shall be punished as provided in NRS 193.130.

The statute further provides: "An offense that occurred within 7 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense for the purposes of this section when evidenced by a conviction, without regard to the sequence of the offenses and convictions." NRS 200.485(4) (2015), now codified in revised form as NRS 200.485(5) (2017); *see* note 1, *supra.*

The 1997 Legislature modeled NRS 200.485 on Nevada's DUI enhancement statutes, now principally codified at NRS 484C.400 (2017). *See English*, 116 Nev. at 834, 9 P.3d at 63; *compare* NRS 200.485(1) & (4) (2015), *with* NRS 484C.400(1) & (2). In interpreting NRS 200.485 and its related statutes, this court thus looks to cases that have construed Nevada's DUI enhancement laws. *English*, 116 Nev. at 834, 9 P.3d at 63.

B.

A plain-text reading of NRS 200.485 undercuts the district court's decision not to count Kephart's July 2010 conviction against him because it purported to be for a "first offense." What determines felony enhancement under the statute is the defendant having committed three domestic battery offenses within seven years, two of which are evidenced by judgments of conviction—not the designation of the prior offenses as "first" and "second" offenses. *Cf. Speer v. State*, 116 Nev. 677, 679-80, 5 P.3d 1063,

1064-65 (2000) (holding that the DUI enhancement statute that NRS 200.485(4) copies "does not limit offenses that may be used for enhancement to those designated as a 'first offense' or a 'second offense'"). Even treating Kephart's July 2010 conviction as a "first offense" for all purposes leaves his May 2010 conviction for his first "first offense." And NRS 200.485(4) says that the sequence of the prior offenses and convictions does not matter, only how many of them there are. So, calling the July 2010 conviction a first offense still leaves Kephart with two prior offenses evidenced by convictions within seven years of his current offense, making his current offense a felony under NRS 200.485(1)(c).

Our cases construing the DUI enhancement statutes complicate this plain-text approach. Citing *Santobello v. New York*, 404 U.S. 257, 262 (1971) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"), and *Van Buskirk v. State*, 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986) (in enforcing a plea bargain we hold the State to "the most meticulous standards of both promise and performance"), we held in *State v. Smith*, 105 Nev. 293, 299, 774 P.2d 1037, 1041 (1989), *abrogated on other grounds as recognized by Byars v. State*, 130 Nev. 848, 854, 336 P.3d 939, 943 (2014), that unless a defendant is told otherwise, it is reasonable to expect that, in being allowed to plead guilty to a "first offense" DUI for a known second offense, the State is agreeing to treat the conviction as a first offense for all purposes, including future enhancement. Part of the incentive to resolve a second DUI charge by pleading guilty to a first offense is "the knowledge that a first-time offense, for purposes of minimizing criminal penalties for future drunk-driving convictions, [is] preferable to a second offense." *Id.* at 298,

774 P.2d at 1041. Thus, when a defendant pleads a second DUI charge down to a first offense, "[t]he spirit of constitutional principles" require "appropriate clarification and warning" that the conviction will count as a second offense for future enhancement purposes for it to be later so used. *Id.* Because the record did not show that Smith received such clarification or warning, the court interpreted the plea bargain as an agreement to treat the offense as a first offense for both sentencing and future enhancement purposes. *Id.* at 299, 774 P.2d at 1041. *Accord Perry v. State*, 106 Nev. 436, 438, 794 P.2d 723, 724 (1990) (reaffirming *Smith*); *see State v. Crist*, 108 Nev. 1058, 1059, 843 P.2d 368, 369 (1992) (declining to reconsider *Smith* and extending it to out-of-state pleas). *But see Johnson v. Arkansas*, 932 S.W.2d 347, 349 (Ark. Ct. App. 1996) (declining to follow *Crist* as inconsistent with statutory enhancement penalty scheme, which bases felony enhancement on the number of prior offenses not their designation as first, second, or third).

We returned to the issue of using a second DUI pleaded to as a first offense to enhance a third offense to a felony in *Speer v. State*, 116 Nev. 677, 5 P.3d 1063 (2000). The defendant in *Speer* pleaded guilty to his third DUI offense in seven years. *Id.* at 678, 5 P.3d at 1064. The first conviction was for a felony DUI as the result of three DUI convictions during the preceding seven-year period. *Id.* The second conviction was for a misdemeanor pleaded to and sentenced as a "first offense." *Id.* But unlike *Smith*, where the record was silent as to future enhancement, in entering the guilty plea in *Speer*, "the parties agreed that the conviction would not be treated as a 'first offense' for all purposes and that Speer's next offense could be treated as a felony." *Id.*

Speer mainly argued that the State could not use his prior felony conviction as one of three convictions within seven years, because the applicable statute only allowed use of first-offense and second-offense misdemeanor convictions, and not a prior felony conviction, for enhancement. *Speer*, 116 Nev. at 679, 5 P.3d at 1064. Rejecting Speer's argument, the court deemed the statute plain and unambiguous in providing that "any two prior offenses may be used to enhance a subsequent DUI so long as they occurred within 7 years of the principal offense and are evidenced by a conviction." *Id.* at 679-80, 5 P.3d at 1064. Thus, the DUI sentencing statute did "not limit offenses that may be used for enhancement to those designated as a 'first offense' or a 'second offense,'" and a felony DUI conviction could be used as one of the three offenses within seven years. *Id.* at 680, 5 P.3d at 1064. *Speer* distinguished *Smith*, *Perry*, and *Crist* as cases in which

> this court has held a second DUI conviction may not be used to enhance a conviction for a third DUI arrest to a felony where the second conviction was obtained pursuant to a guilty plea agreement specifically permitting the defendant to enter a plea of guilty to first offense DUI and limiting the use of the conviction for enhancement purposes. . . . The rule recognized [*Smith, Perry,* and *Crist*] is not applicable where, as here, there is no plea agreement limiting the use of the prior conviction for enhancement purposes. Because [*Smith, Perry,* and *Crist*] depend on the existence of a plea agreement limiting the use of the prior conviction for enhancement purposes, they do not stand for the general proposition that only offenses designated as a "first" or "second" offense may be used for enhancement purposes.

*Speer*, 116 Nev. at 680, 5 P.3d at 1065.

SUPREME COURT
OF
NEVADA

(O) 1947A

The State quotes this language from *Speer* and urges that, because the plea agreement did not specifically limit the State's use of the conviction for felony enhancement, it may use the conviction. But *Speer* misdescribes or at least oversimplifies *Smith* and its progeny. The plea agreement in *Smith* did not "specifically . . . limit[ ] the use of the conviction for enhancement purposes," *Speer*, 116 Nev. at 680, 5 P.3d at 1065; the record evidencing the plea agreement in *Smith* was *silent* on the subject of felony enhancement. *Smith*, 105 Nev. at 298, 774 P.2d at 1041 ("Nothing in the record indicates that, in 1986, the State advised Smith that after receiving treatment as a first-offender, the 1986 conviction would thereafter revert to a second offense in the event of further drunk-driving convictions."); *accord Perry*, 106 Nev. at 437, 794 P.2d at 724 (quoting this language from *Smith* and saying "the facts [in *Smith*] were similar to those in the instant case"). *Smith* holds that a defendant who pleads guilty to a first offense DUI originally charged as a second may reasonably expect the State to treat the conviction as a first offense for all purposes, if the State allows the plea to be entered "without appropriate clarification and warning." 105 Nev. at 298, 774 P.2d at 1041.

It was in *Speer*, not *Smith*, that the plea deal specifically addressed enhancement: In *Speer*, "the parties agreed that the conviction would *not* be treated as a 'first offense' for all purposes and that Speer's next offense could be treated as a felony," 116 Nev. at 678, 5 P.3d at 1064 (emphasis added). Because the plea agreement allowed the State to use the second conviction, pleaded to as a first offense, for felony enhancement, the defendant could not reasonably expect the State to forgo that option. Having provided Speer the "appropriate clarification and warning" *Smith* requires, 105 Nev. at 298, 774 P.2d at 1041, the State could use Speer's

 

second "first offense" to enhance his third offense in seven years to a felony. *Speer*, 116 Nev. at 681, 5 P.3d at 1065-66.

## C.

Consistent with *Smith* and *Speer*, we hold that, when a plea agreement allows a defendant to plead guilty to a first offense for a second domestic battery conviction, it is reasonable for the defendant to expect first-offense treatment of the conviction for all purposes, *see Smith*, 105 Nev. at 298, 774 P.2d at 1041; *Perry*, 106 Nev. at 438, 794 P.2d at 724; *Crist*, 108 Nev. at 1059, 843 P.2d at 368-69, unless the defendant receives "appropriate clarification and warning" (*Smith*, 105 Nev. at 298, 774 P.2d at 1041)—or explicitly agrees (*Speer*, 116 Nev. at 678, 5 P.3d at 1064)—that the State may count the conviction as a second offense for future enhancement purposes.

Applying these principles to this case, we must decide whether Kephart's July 2010 plea to "first offense" domestic battery is more like *Smith*, where it was reasonable for the defendant to expect first-offense treatment for all purposes, or *Speer*, where the agreement provided for the defendant to be sentenced for a first offense but for the conviction to count as a second offense for enhancement purposes. In interpreting a plea agreement, the object is to enforce the reasonable expectations of the parties. *See State v. Crockett*, 110 Nev. 838, 842, 877 P.2d 1077, 1079 (1994); *Van Buskirk*, 102 Nev. at 244, 720 P.2d at 1217. Contract principles apply but, because plea agreements "implicate the deprivation of human freedom, the rules governing their interpretation, although having their roots in the principles of contract law, also acknowledge that 'concern for due process outweigh[s] concern for freedom of contract.'" *United States v. Mankiewicz*, 122 F.3d 399, 403 n.1 (7th Cir. 1997) (quoting *United States v. Sandles*, 80 F.3d 1145, 1148 (7th Cir. 1996)).



Kephart did not sign a formal plea agreement establishing the terms of his July 2010 plea. The record includes, though, Kephart's May 2010 judgment of conviction for his first "first offense" domestic battery, the written admonishment of rights Kephart signed in pleading guilty to his second "first offense" domestic battery in July of 2010, and the July 2010 judgment of conviction. In signing the July 2010 admonishment of rights form, Kephart specifically acknowledged that "I understand that the State will use this conviction, and any other prior conviction from this or any other state which prohibits the same or similar conduct, to enhance the penalty for any subsequent offense." He was also told what the penalties were for first-offense, second-offense, and third-offense domestic battery over a seven-year period. This information, combined with the reference to the use of "any other prior conviction" for "same or similar conduct," provided Kephart "appropriate clarification and warning" that the July 2010 conviction, in conjunction with his prior conviction from May 2010, would be used to enhance a subsequent third offense to a felony under NRS 200.485.

Kephart testified that he "understood" the July 2010 conviction would be a first offense for all purposes, but this understanding appears entirely subjective and not based on anything the State or the district court said or did to contradict the acknowledgment Kephart signed. *Compare Rouse v. State*, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975) ("mere subjective belief of a defendant as to potential sentence, or hope of leniency, unsupported by any promise from the State or indication by the court, is insufficient to invalidate a guilty plea"), *with United States v. Malone*, 815 F.3d 367, 370 (7th Cir. 2016) ("we give unambiguous terms in the plea agreement their plain meaning"). Kephart received the benefit of his July

 

2010 plea deal when he was given the shorter sentence, lower fine, and lighter community service obligation only first offenders are eligible for. The record does not establish that, in entering into this plea deal, the State also agreed to treat Kephart's July 2010 conviction as a first offense for future enhancement purposes. Kephart's belief otherwise, in the face of the admonishment he acknowledged, was unreasonable. Under NRS 200.485(1)(c), Kephart has sustained three domestic battery convictions over a seven-year period for which the district court must now sentence him.

We therefore, grant the State's request for extraordinary relief and direct the clerk of this court to issue a writ of mandamus directing the district court to admit Kephart's July 2010 conviction for domestic battery to enhance his third conviction to a felony.

_____, J.
Pickering

We concur:

_____, J.
Gibbons

_____, J.
Hardesty