# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHELDON RAETH TOSH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73422



**FILED**

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Sheldon Tosh appeals his judgment of conviction, pursuant to a jury verdict, of DUI with two or more prior convictions. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge. We affirm.

Tosh argues that the district court erred by considering his Faulkner County, Arkansas conviction as one of two prior convictions, because the State should have treated the conviction as a first offense under his plea agreement. *See State v. Smith*, 105 Nev. 293, 298-99, 774 P.2d 1037, 1041 (1989) (absent "appropriate clarification and warning," it is reasonable for a defendant who pleads guilty to a first offense for his second conviction to expect first-offense treatment for all purposes), *abrogated on other grounds by Byars v. State*, 130 Nev. 848, 854, 336 P.3d 939, 943 (2014); *see also State v. Crist*, 108 Nev. 1058, 1059, 843 P.2d 368, 369 (1992) (applying *Smith* to out-of-state plea bargains). We agree that the district court erred by relying on *Speer v. State*, 116 Nev. 677, 5 P.3d 1063 (2000), to require Tosh to prove that his Faulkner County plea agreement expressly limited use of the conviction for enhancement purposes. *See State v. Second Judicial Dist. Court (Kephart)*, 134 Nev., Adv. Op. 50, ___ P.3d ___, ___ (2018) (recognizing that "*Speer* misdescribes or at least oversimplifies *Smith* and its progeny"). But even applying the correct standard, Tosh's Faulkner County conviction was admissible as one of two prior convictions for enhancement purposes.

*18- 27733*

When Tosh pleaded guilty to DWI-1 (first-offense driving while intoxicated) for his second DWI conviction in Arkansas, it was not reasonable for him to expect that it would be treated as a first offense for all purposes. *Cf. Kephart*, 134 Nev., Adv. Op. 50, ___ P.3d at ___ (where the defendant signed an acknowledgment that the conviction could be used in conjunction with prior convictions for enhancement purposes his unexpressed subjective expectation it would not be so used was unreasonable); *Speer*, 116 Nev. at 678, 5 P.3d at 1064 (where "the parties agreed that the conviction would not be treated as a 'first offense' for all purposes"). A Faulkner County District Attorney testified that Arkansas prosecutors do not offer plea agreements that limit a conviction for future enhancement purposes. And Arkansas has explicitly rejected our approach to interpreting pleas to a first offense for what would otherwise be a second offense. *See Johnson v. State*, 932 S.W.2d 347, 349 (Ark. Ct. App. 1996) (declining to adopt the reasoning in *Crist*); *see also Dickerson v. State*, 747 S.W.2d 122, 124 (Ark. Ct. App. 1988) (using DWI-2 conviction as a third offense because it was actually the defendant's third conviction and the defendant knew how many times he had been convicted of the offense). Accordingly, it would have been unreasonable when Tosh entered into the Faulkner County plea agreement to expect that his conviction would not be considered one of two DWI convictions within the statutory period. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc: Hon. Nancy L. Porter, District Judge
Elko County Public Defender
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk